ELLEN FLANAGAN *vs.* FRANCIS C. WELCH & another.
SAME *vs.* ROBERT J. GARRITY & another.

Suffolk.    November 18, 1914. — February 23, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant,* Tenancy at will, Common stairway.    *Negligence,* In maintaining common stairway.

A person, who enters into the occupation of a tenement in a building under an oral agreement for a lease, on which no action could be maintained if R. L. c. 74, § 1, cl. 4, were set up in defence, becomes a tenant at will by force of R. L. c. 127, § 3, and the terms of the oral agreement become binding on both parties to it.

Where the owner of a building promised a tenant at will occupying a tenement in the building, as a part of the oral agreement under which the tenant hired the tenement, that he would keep a stairway which the tenant was to use in the same safe condition that it was in at the beginning of the tenancy, the tenant can recover from such owner for personal injuries caused by a failure to keep the stairway in that condition.

In an action for personal injuries by a tenant at will occupying a tenement in a building of the defendant, if the plaintiff shows that the defendant promised, as a part of the oral agreement under which the plaintiff became a tenant at will, that the defendant would keep a stairway which the plaintiff was to use in the same safe condition that it was in at the beginning of the tenancy, and that the plaintiff's injuries were caused by the defendant's failure to keep the stairway in that condition, it is no defence to the action that, when the defendant made the oral agreement and also at the time of the plaintiff's injuries, the defendant had parted with the control of the stairway to the tenant of the adjoining building, which also was owned by the defendant, if the plaintiff was not informed of this fact when the defendant made the oral agreement with the plaintiff which assumed that the defendant was in control of the stairway.

The rule, now established, that common hallways and stairways of a building which is let out in offices or tenements remain in the control of the landlord for the use of his tenants and that it is his duty to each tenant to keep them in the same condition or apparent condition as to safety in which they were at the beginning of the several leases or lettings to the respective tenants, is founded on an implied agreement to that effect arising out of the necessities of the case.

Where the owner of two adjoining three story buildings, each used on the ground floor as a store and in the two upper stories for tenements, in making a lease of the whole of one of the buildings, which included the control of the stairways, reserved "the right to use in common with the lessee the entrance and stairway leading to the second story of said building," it was *held,* that in regard to the common use of this stairway the lessor was on the same footing as if he had been a tenant of the lessee.

The implied agreement, arising from the necessities of the case, by which a land-
lord remains in control of the common stairways of a building used for offices
or tenements, applies where the common stairways are used by a few tenants,
even if there are only two of them, as well as where they are used by a great
number of tenants.

Where the owner of two adjoining three story buildings, each used on the ground
floor as a store and in the two upper stories for tenements, made a lease of the
whole of the second of the buildings which included the control of the stair-
ways, reserving therein "the right to use in common with the lessee the en-
trance and stairway leading to the second story of said building," and where
no janitor was employed to take care of the stairways, an agreement made by
a tenant of the two upper stories of the first of the buildings, who made use of
the stairway mentioned, with the agent of such owner, that such tenant should
take turns with the tenants of the lessee of the adjoining building on the second
floor of that building in washing the stairs, does not affect the control of the
stairway or the liability of the person in such control for injuries caused by his
failure to keep the stairway in a safe condition.

LORING, J.  Welch and Bowditch (the defendants in the first
action) were the owners of adjoining buildings numbered re-
spectively 1632 and 1634 Washington Street.  Each of these
buildings was three stories in height.  In each building the
ground floor was used as a store and the two upper stories were
used as tenements.  On March 18, 1896, they let 1634 Washing-
ton Street to one Heffernan for a period of ten years.  About
two years before the expiration of this lease (namely on March
1, 1904) Welch and Bowditch made a written agreement extend-
ing it for a period of three years from the expiration of the original
term.  In this written extension they inserted the following
reservation: "Reserving also to the lessors their heirs and assigns
from this time the right to use in common with the lessee the
entrance and stairway leading to the second story of said build-
ing, the entrance to which is numbered 1634 on Washington
Street."  On the same first of March, 1904, (and apparently as
part of the same transaction,) Heffernan assigned his interest in
the lease extended as aforesaid to Garrity and Pendergast (the
defendants in the second action).  The accident to the plaintiff
herein complained of happened on February 13, 1908, that is to
say it happened while the extended lease to Heffernan, assigned
by him to Garrity and Pendergast and the reservation contained
in the extension of that lease were in force and effect.

It appears from the bill of exceptions that, at some time before
March 1, 1904, (when they extended the lease to Heffernan and

inserted in the extension the reservation stated above,) Welch and Bowditch cut a door through the wall between 1634 and 1632 Washington Street; this door connected the second floor of 1632 Washington Street with the landing at the head of the first flight of stairs in 1634 Washington Street. Although it is not in terms so stated it is a fair inference from the bill of exceptions that this was done in order to use the whole of the ground floor of 1632 Washington Street as a store. And it is plain on the bill of exceptions that the purpose of the reservation in the extension of the lease was to enable Welch and Bowditch to use the stairway of 1634 Washington Street as the access to the tenements on the second and third floors of 1632 Washington Street.

In September, 1904, (that is, some six months after the reservation made by them in their own favor for the use of the stairways in 1634 Washington Street,) Welch and Bowditch through an agent made an oral agreement for the lease to the plaintiff of the two upper stories of 1632 Washington Street. Later, the plaintiff entered under this oral agreement and occupied the second and third stories of 1632 Washington Street until some time after the accident here complained of, which (as we have said) happened on February 13, 1908.

The plaintiff testified that when she made the oral agreement for a lease of these two upper stories of 1632 Washington Street, Welch and Bowditch's agent told her that she was to use the stairway in 1634 Washington Street as the access to the two tenements let to her. She also testified that Welch and Bowditch's agent told her that they would keep the stairway for her use in as good condition as that in which it then was, and she testified that it was then in good condition. Later, according to the plaintiff's testimony, the flagging between the bottom of the stairs and the outside door became cracked and loose, and the accident to the plaintiff happened by her tripping over the loose flagging when on her way to her tenement in the evening of February 13, 1908. It appeared in the evidence that the plaintiff before February 13, 1908, had complained of the defective condition of this flagging to Welch and Bowditch's agent and to Mr. Welch himself, and that both Welch and Bowditch's agent and Mr. Welch himself had promised (on these complaints being made) that the flagging should be repaired and put in a safe condition.

It also appeared from the plaintiff's testimony that at the time of the oral agreement between her and Welch and Bowditch's agent for the lease of the two upper stories of 1632 Washington Street, the plaintiff asked the agent whether there was a janitor for the stairway and whether it would be lighted; and that the agent told the plaintiff that there was no janitor and that she would have to take turns with the tenants of 1634 Washington Street (who also used the stairway) in washing the stairway and the flagging at the bottom. He also told her that the gas light at the head of the landing was for her use as well as for the use of the tenants of 1634 Washington Street in lighting the stairway. It further appeared (although it may not be of consequence) that this gas light was turned out whenever the plaintiff lighted it, and that on her making complaint to the agent he furnished her with a lantern, which however was not used by her.

It is stated in the bill of exceptions that while both of the second and third stories of 1634 Washington Street were used as tenements the stairway here in question was used for the tenants of the second but not for the tenants of the third story of 1634 Washington Street, access to the third story of 1634 Washington Street being had by some means not disclosed in the bill of exceptions.

The first action was brought against Welch and Bowditch and the second against Garrity and Pendergast to recover for the injury received by the plaintiff on February 13, 1908. The two cases were tried together. The presiding judge directed the jury to return verdicts for both sets of defendants, and the cases are here on exceptions taken by the plaintiff to these rulings. "No question was raised as to the pleadings" and no question has been raised as to the due care of the plaintiff.

1. We are of opinion that the ruling directing a verdict for the defendants in the action against Welch and Bowditch was wrong. The agreement for a lease of the two tenements was an agreement for the sale of an interest in lands, tenements or hereditaments and so a contract on which, by reason of R. L. c. 74, § 1, cl. 4, no action could be brought. See *Miles* v. *Janvrin*, 200 Mass. 514, 517. But when the plaintiff entered into occupation under that oral agreement she became a tenant at will by force of R. L. c. 127, § 3, and the terms of the oral agreement creating

the tenancy at will became binding on both parties to it. See *Miles* v. *Janvrin*, 200 Mass. 514, 518. If the plaintiff's testimony was believed by the jury, one of the terms of that oral agreement was that Welch and Bowditch were to keep the stairway which the plaintiff was to use in the same safe condition in which it was at the beginning of the tenancy. For a failure to keep the stairway in that condition the plaintiff had a right to recover. The cases are collected in *Domenicis* v. *Fleisher*, 195 Mass. 281.

The contention of these defendants to the contrary is based on the fact that under the circumstances of this case the control of the stairway was in Garrity and Pendergast. It will appear later on that these defendants are right in their position that the stairway here in question was in the control of Garrity and Pendergast. But their contention (based on that position) in our opinion is wrong. Although as between Welch and Bowditch on the one hand and Garrity and Pendergast on the other hand the control of the stairway was in Garrity and Pendergast, yet that fact does not affect the agreement which Welch and Bowditch made with the plaintiff, if the jury believed the plaintiff's testimony and found that Welch and Bowditch did make the agreement to which the plaintiff testified. So far as the plaintiff was informed when she made her oral agreement with Welch and Bowditch's agent, the stairways were in their (Welch and Bowditch's) control. From what was said to the plaintiff by their agent this appeared to be the situation. Under these circumstances the fact that they were not in their control does not affect their liability under the express agreement which they had made on the assumption that they were in their control.

For these reasons the exception to the ruling of the judge directing a verdict in favor of the defendants in the first action must be sustained.

2. The ground on which Garrity and Pendergast (the defendants in the second action) contend that they are not liable for the accident to the plaintiff is that under the reservation by which Welch and Bowditch secured the right to use the stairway in question the stairway was not in their control, or at least not exclusively in their control. Their contention is that under this reservation the stairway was in the common or joint control of Welch and Bowditch and themselves.

It may be taken to be now established that common hallways and stairways of a building which is let out in offices or tenements remain in the control of the landlord for the use of his tenants, and that it is his duty to each tenant to keep them in the same safe condition or apparent condition in which they were at the beginning of the several leases to the respective tenants. See *Andrews* v. *Williamson,* 193 Mass. 92; *Domenicis* v. *Fleisher,* 195 Mass. 281.

This result is contrary to the result usually reached where one person has an easement over the land or other real property of another. The ordinary rule in such a case is that the owner of the dominant estate is bound to keep the servient estate over which he has an easement in such condition and repair as may be necessary for the exercise of the easement. *Prescott* v. *White,* 21 Pick. 341. *Doane* v. *Badger,* 12 Mass. 65. *Taylor* v. *Whitehead,* 2 Doug. 744. 14 Cyc. 1209. So far as we know there is but one case in which the reason for reaching the opposite result in the case of common hallways and stairways is discussed. That case is *Miller* v. *Hancock,* [1893] 2 Q. B. 177. In that case Bowen, L. J., laid it down, that the reason why the opposite conclusion is reached in case of common hallways and stairways is that there is an implied agreement to that effect arising out of the necessities of the case. In coming to that conclusion he proceeded upon the dictum of Lord Mansfield in *Taylor* v. *Whitehead, ubi supra,* at page 749, which was the case cited by Shaw, C. J., for the original proposition in *Prescott* v. *White, ubi supra,* at pages 342, 343.

We adopt the reasoning of Lord Justice Bowen. Adopting it, the first question in the case against Garrity and Pendergast is, whether that implied agreement will be made in favor of Welch and Bowditch in the case of the stairway here in question. We are of opinion that the way in which Welch and Bowditch came to have a right to use this stairway in common with the tenants of the second story of 1634 Washington Street is not of consequence. In other words we are of opinion that under the reservation they stand on the same footing with respect to the common use of this stairway that they would have stood on had they been tenants of Garrity and Pendergast.

The second question is whether the stairway here in question

is taken out of that rule by the fact that it was to be used by two tenants in common in place of a great number of tenants; and we are of opinion that it is not. The rule being founded on practical considerations should not be limited by nice distinctions. In our opinion it should apply in case of common stairways used by a few as well as in case of those used by many. If this conclusion is affected by it at all, it is helped by the fact that in the original lease to Heffernan assigned by him to Garrity and Pendergast the lessee agreed that he would "keep all and singular said premises in as good repair as the same are in at the commencement of said term or may be put in during the continuance thereof, reasonable use and wearing thereof and damage by accidental fire or other unavoidable casualty excepted." When this agreement was made by the lessee of 1634 Washington Street, it was an agreement by the lessee of premises to be occupied by him and his subtenants only. For that reason it was an agreement to bear the burden of the repairs like the agreements in question in *Hutchinson.* v. *Cummings*, 156 Mass. 329, *Marley* v. *Wheelwright*, 172 Mass. 530, and not an agreement like the agreement of a landlord to keep common hallways and stairways in a safe condition for the use of his tenants. We are of opinion that when Welch and Bowditch obtained the right to use this stairway (which was originally for the sole use of Garrity and Pendergast and those claiming under them), the character of this agreement was not changed. In other words this agreement did not then become an agreement on the part of Garrity and Pendergast to keep this stairway in a safe condition for the use of Welch and Bowditch. The fact however that the burden of the repairs of this stairway was by force of the previous agreement to be borne by Garrity and Pendergast (if it affects the matter at all) helps the conclusion (which we have come to on the other grounds stated above) that the burden of keeping the stairway in a safe condition for the use of others, including Welch and Bowditch and their tenants, was on Garrity and Pendergast.

In our opinion the agreement made between the plaintiff and Welch and Bowditch's agent that the plaintiff and Garrity and Pendergast's tenants of the second floor of 1634 Washington Street should take turns in washing the stairway does not result in a different conclusion. Where common hallways and stairways

in buildings of a character where no janitor is employed remain in control of the landlord for the use of various tenants, the result that the landlord is bound to keep them in a safe condition is not in our opinion affected by an arrangement that they should be washed or kept clean by the several tenants in turn.

For these reasons we are of opinion that for the stairway in question Garrity and Pendergast were responsible on the same ground on which it is now established that landlords are responsible for common hallways and stairways left in their control for the use of the tenants of the building. It follows that the exception to the ruling of the judge directing a verdict for the defendants in the second action must be sustained.

The entry must be

*Exceptions sustained.*

The cases were submitted on briefs.

*C. Toye, J. L. Keogh & S. A. Fuller,* for the plaintiff.

*H. C. Sawyer & W. H. Hitchcock,* for the defendants Welch and Bowditch.

*E. L. Logan,* for the defendants Garrity and Pendergast.