## MARIA C. STAGNARO *vs.* JAMES FITZGERALD.
## JOHN STAGNARO *vs.* SAME.

Suffolk. March 24, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Landlord and Tenant. Negligence,* Of one controlling real estate.

In an action against one owning and controlling an apartment house by a tenant of one of the apartments for personal injuries sustained by reason of a defect in a common stairway, where there is evidence that the stairway at the time of the injury was not in as good condition as it was when the plaintiff moved in, that the defendant's attention had been called to the alleged "unsafe and dangerous condition" of the stairway two weeks before the accident, that the plaintiff was going down the stairs slowly with her hands on the rail, that when she was about half way down her left foot got caught on a broken step and that she tried to hold herself by her hands but fell to the bottom of the stairs, the questions of the plaintiff's due care and of the defendant's negligence are for the jury.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries sustained by her on January 22, 1912, by reason of a defective stairway in a house alleged to be owned and controlled by the defendant, in which the plaintiffs occupied a tenement and used the stairway in common with other tenants, and the second action by the husband of the plaintiff in the first action for expenses incurred by reason of her injuries. Writs dated April 13, 1912.

In the Superior Court the cases were tried together before *Lawton,* J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to rule that on all the evidence the plaintiffs were not entitled to recover. The judge refused to make this ruling and submitted the cases to the jury, who returned a verdict for the plaintiff in the first case in the sum of $1,800 and a verdict for the plaintiff in the second case in the sum of $200. The defendant alleged exceptions.

*C. S. Knowles,* for the defendant.

*F. W. Fosdick,* for the plaintiffs.

PIERCE, J. There was evidence from which the jury could find that the defendant, as owner of the premises, had possession and control of the stairway. As the owner in control it was his duty to use reasonable care to keep it in as safe condition for its intended use as it was, or appeared to be, when the male plaintiff became a tenant. *Ward* v. *Blouin,* 210 Mass. 140. *Domenicis* v. *Fleisher,* 195 Mass. 281.

There was evidence that it was not in as good condition at the time of the injury as when the plaintiffs first moved in; that the defendant's attention had been called to the alleged "unsafe and dangerous condition" of the stairway at least two weeks before the accident; that the "treads" had gradually "worn way down to the scotia; . . . to a hollow, which had worn the nosing out;" that the nosing was worn through to what is known as the scotia; that the scotias "were broken in the centre where the treads were the most worn;" that the plaintiff, Maria C. Stagnaro, on January 22, 1912, as she testified, "started from her living apartment on the third floor to go to her office which was on the second floor; that she started to go slowly down the stairway in question with her hands on the rail; that when she got about on the middle of the stairs she put her right foot down and her left foot got caught on a broken step, 'got caught right in the middle, you know, in one of the steps, got caught, and I hold myself with my hands, but I went like that;' that she fell to the bottom of the stairs; that her foot was on the eighth step when she fell, 'the eighth going up, eighth coming down.'" On cross-examination she testified that she thought she really knew how she got hurt; that according to her story she was terribly injured; that the exact stair where her foot got caught was in the middle of the stairs; that no one had told her that the edge of the eighth stair was worn a little more than any of the others; that she caught her heel in the moulding which was underneath the edge of one of those treads which were in evidence, a broken step; that as she fell she struck on the post and fell round the corner and landed against the wall in the hall, near the office door.

Upon these facts and upon the evidence which the jury might derive from an inspection of the treads and scotia which were shown to the jury and exhibited to the court at the argument,

the presiding judge was warranted in submitting the issue of the female plaintiff's due care and that of the defendant's negligence to the jury.

It follows that he refused rightly to rule "that on all the evidence the plaintiffs were not entitled to recover."

*Exceptions overruled.*