TREMONT THEATRE AMUSEMENT COMPANY *vs.* FRANK V. BRUNO.

Suffolk.   November 24, 1916. — January 4, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Landlord and  Tenant,* Common stairway, Easement.

Although under a lease in writing of a part of a building the right of the lessee to the use of a common stairway is in the nature of an easement and is appurtenant to the premises described in the lease, the stairway is not a part of the demised premises, and therefore a covenant by the lessee that he will not damage nor deface the premises does not render him liable to the lessor upon the covenant by reason of damage to the common stairway.

The ordinary rule in the absence of grant or contract, that a person who is entitled to the use of an easement is bound to keep the property which is subject to the easement in such repair as is necessary for the exercise of his rights in its use, does not apply to stairways remaining in the control of the landlord of a building and used in common by the tenants. As to such tenants, the duty of repair rests upon the landlord.

CONTRACT OR TORT for damages resulting from the breaking, by reason of the falling of a safe while it was being lowered by a subtenant of the defendant, of marble steps in a hallway of the Tremont Theatre building in Boston, which was owned by the plaintiff and the first floor above the street floor of which was let to the defendant under a lease in writing. Writ in the Municipal Court of the City of Boston dated October 16, 1913.

The material facts found by the judge at the trial in the Municipal Court are stated in the opinion. There was a finding for the plaintiff in the sum of $148.70, and at the request of the de-

fendant the judge reported the case to the Appellate Division, who ordered that the finding for the plaintiff be vacated and that judgment be entered for the defendant. The plaintiff appealed.

The case was submitted on briefs.

*T. J. Barry,* for the plaintiff.

*R. M. Walsh,* for the defendant.

CROSBY, J. On September 15, 1909, the plaintiff by a written lease demised and let to the defendant for the term of four years and four months from February 1, 1910, the first floor above the street floor of the Tremont Theatre building at 176 Tremont Street in Boston to be used as a barber shop. The lease contained the following clauses: "And the Lessee . . . will keep all and singular the said premises in such repair, order and condition as the same are in at the commencement of the said term, or may be put in during the continuance thereof, damage by fire or other unavoidable casualty only excepted." And that the lessee "will not assign this lease nor underlet the whole or any part of the said premises without first obtaining on each occasion consent in writing of the Lessor. . . ." Also that at the expiration of the term of the lease the lessee will deliver up to the lessor the premises "in good repair, order and condition in all respects, damage by fire or other unavoidable casualty excepted; and that during the said term . . . the said premises shall not be overloaded, damaged or defaced."

The record shows that the defendant, during the term of his lease, sublet one of the rooms included in the lease to one Quigley; that afterwards, Quigley vacated the room and engaged one Welch to move therefrom a safe; that while the safe was being taken down the stairs the rope holding it broke, and the stairway, which was constructed of marble, was damaged. This action is brought to recover for the damage to the stairway. The plaintiff's declaration contains three counts: the first alleges negligence; the second and third are in contract, and allege a breach of the covenants in the lease.

The case comes to this court upon the plaintiff's appeal from the decision of the Appellate Division of the Municipal Court of the City of Boston. It is plain that there was no evidence of negligence of the defendant; therefore there could be no recovery on the first count. The only question then is, whether there was

any evidence of a breach of covenant on the part of the defendant as lessee.

The report states that "The stairway damaged is of marble and about seven feet wide. It is a common stairway used by the defendant and the other tenants of the lessor overhead, and it is used also as an entrance to the second balcony of the Tremont Theatre, which was run by the plaintiff. The stairway was the only means of reaching the second floor of the building on which were located the defendant's rooms." It therefore appears that the stairway which was used by the defendant and other tenants of the building was a common stairway. While it was the only means of reaching the rooms leased by the defendant on the second floor, it was not the less a common stairway, and in the absence of any grant or contract to the contrary, the possession and control thereof remained in the lessor. As was said by Loring, J., in the recent case of *Flanagan* v. *Welch*, 220 Mass. 186, at page 191: "It may be taken to be now established that common hallways and stairways of a building which is let out in offices or tenements remain in the control of the landlord for the use of his tenants, and that it is his duty to each tenant to keep them in the same safe condition or apparent condition in which they were at the beginning of the several leases to the respective tenants." *Fitzsimmons* v. *Hale*, 220 Mass. 461. *Miller* v. *Hancock*, [1893] 2 Q. B. 177.

There is no doubt that the lessee was entitled as a part of his grant to use the stairway in common with other tenants. Otherwise he would not have had access to the leased premises. This right was a right in the nature of an easement and was appurtenant to the premises described in the lease. *Nesson* v. *Adams*, 212 Mass. 429. *Epstein* v. *Dunbar*, 221 Mass. 579. And this would be so whether the lease granted the premises with the appurtenances in express terms or was silent on that subject. It does not follow, however, that the stairway became a part of the demised premises because, as before stated, it remained in the exclusive possession and control of the landlord upon whom alone rested the duty of making repairs. There was no duty imposed upon the tenant or even right vested in him to make repairs upon the stairway; he could only travel over it in passing to and from the rooms which he had leased.

The ordinary rule in the absence of grant or contract is that a person who is entitled to the use of an easement, that is, the owner of the dominant estate, is bound to keep the property which is subject to the easement in such repair as is necessary for the exercise of his rights in its use. But that rule is held not to apply to common hallways and common stairways; as to them, the duty to repair rests upon the landlord. *Flanagan* v. *Welch, ubi supra. Prescott* v. *White,* 21 Pick. 341. *Miller* v. *Hancock, ubi supra. Taylor* v. *Whitehead,* 2 Doug. 744.

The principle which renders a lessee liable under similar covenants in a written lease, for breach of covenant by a sublessee during the original term, as was held in *Miller* v. *Prescott,* 163 Mass. 12, does not apply to the case at bar.

As the stairway was not a part of the demised premises, it follows that damage thereto was not a breach of any covenant of the lease. The cases cited and relied on by the plaintiff, which hold that "appurtenances" include everything necessarily used or reasonably necessary to the part demised, are distinguishable from the case at bar for the reasons stated.

The order of the Appellate Division vacating the finding for the plaintiff and ordering judgment for the defendant was right, and must be affirmed.

*So ordered.*