JENNIE OLES *vs.* MARY DUBINSKY.
AUGUSTUS N. OLES *vs.* SAME.

Middlesex. December 3, 1918. — December 31, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence,* Of one controlling real estate, Contributory. *Landlord and Tenant.*

In an action by a woman, who occupied with her husband the top floor of a three-story apartment house, against the owner of the house for personal injuries caused by the giving way of a step forming part of a "bulkhead" stairway leading from the yard of the house to the cellar as a common stairway for the use of all the tenants, it could have been found that the step which gave way was apparently sound, but that the accident disclosed the fact that a bracket on the stringer which supported the step was broken and rotted, that two or three weeks earlier the defendant had been notified that the bottom step was missing and that the bulkhead doors were in a broken condition, allowing the snow and rain to fall on the steps. *Held,* that there was evidence for the jury of the defendant's negligence.

In the action above described the answer alleged contributory negligence of the plaintiff. Although it appeared that the stairs were in poor condition and often were wet, the plaintiff testified that they looked "all right to go down" and that on this particular day she was using more than the usual amount of care. *Held,* that it could be found that the defect which caused the plaintiff's injury was not an obvious one and that under St. 1914, c. 553, the question of the plaintiff's negligence was for the jury.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries sustained on May 9, 1916, by the giving way of a step of a common stairway leading to the cellar of a three-story house owned by the defendant in which the plaintiff with her husband occupied the top floor as tenants of the defendant, and the second action by the husband of the plaintiff in the first

action for expenses incurred by reason of her injuries. Writs dated July 22, 1916.

In each case the answer alleged that the negligence of the plaintiff in the first case contributed to her injury.

In the Superior Court the cases were tried together before *Keating*, J. The evidence is described in the opinion. The judge submitted the cases to the jury, who returned a verdict for each of the plaintiffs, in the first case in the sum of $475 and in the second case in the sum of $35. Thereupon the judge reported the cases for determination by this court with a stipulation of the parties that, if the cases should have been submitted to the jury, judgments should be entered upon the verdicts; otherwise, that in each case judgment should be entered for the defendant.

The cases were submitted on briefs.

*B. Berenson,* for the defendant.

*E. E. Spear,* for the plaintiffs.

DE COURCY, J. The plaintiff Jennie Oles (herein referred to as the plaintiff) occupied the top floor of a three-story apartment house, as tenant of the defendant. She was injured while descending a "bulkhead" stairway, leading from the yard to the cellar. On the evidence this was a common stairway for the use of all the tenants, and its control remained in the landlord. The defendant consequently owed the plaintiff the duty of using reasonable care to keep it in as safe a condition for its intended use as it was or appeared to be at the beginning of the tenancy. *Looney* v. *McLean,* 129 Mass. 33. *Andrews* v. *Williamson,* 193 Mass. 92. *Ward* v. *Blouin,* 210 Mass. 140. *Flanagan* v. *Welch,* 220 Mass. 186.

It could be found that the step which gave way was apparently sound; but the accident disclosed that a bracket on the stringer which supported it was broken and rotted; that two or three weeks earlier the defendant had been notified that the bottom step was missing and that the bulkhead doors were in a broken condition, allowing the snow and rain to fall upon the steps. Without further reciting the testimony in detail, there was evidence for the jury of the defendant's negligence.

The same is true as to the plaintiff's due care. Although the stairs were in poor condition, and often wet, according to her testimony they looked "all right to go down;" and, owing to

her physical condition, she was using "more than the usual amount of care on this particular day." The defect which caused her injury was not an obvious one. And she is entitled to the benefit of the due care statute. *Stagnaro* v. *Fitzgerald,* 224 Mass. 265. St. 1914, c. 553.

No question of pleading was raised. The action of the plaintiff, and that of her husband for consequential damages, were submitted to the jury rightly. In accordance with the report, the entry in each case must be

*Judgment on the verdict.*