ISAAC SMOLESKY *vs.* HARRY KOTLER.

Suffolk. December 4, 18, 1929. — January 7, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Common stairway.

At the trial of an action for personal injuries suffered by a tenant of a four-family tenement house when he slipped on an accumulation of snow and ice on granite steps, leading from the street to the first floor and used in common by the tenants and exposed to the weather, the defendant, called by the plaintiff, testified that "sometimes if the janitor didn't clean the front steps he used to hire a boy to clean them," and that "sometimes he had a janitor and sometimes he didn't"; and the plaintiff testified that "sometimes when he got time he cleaned the steps." There was nothing to show the terms of the letting. A verdict was ordered for the defendant. *Held,* that

(1) In the absence of any express or implied contract on the landlord's part to remove the snow and ice, he was not obliged to do so;

(2) There was not sufficient evidence to warrant a finding that the landlord undertook the duty of removing the snow and ice from the steps, even if it be assumed that he did at times remove the snow;

(3) The verdict properly was ordered.

TORT for personal injuries. Writ dated March 10, 1927.

In the Superior Court, the action was tried before *Quinn,* J. Material evidence is stated in the opinion. At the close

of the evidence, the judge ordered a verdict for the defendant and the plaintiff alleged exceptions which, after the death of *Quinn,* J., were allowed by *Lummus,* J.

H. E. *Albert,* for the plaintiff, submitted a brief.

L. C. *Doyle,* (A. E. *Bent* with him,) for the defendant.

CARROLL, J.   This is an action to recover for injuries sustained by the plaintiff by reason of slipping on an accumulation of snow and ice on steps leading from the street to the first floor of a four-family tenement house owned by the defendant.   The plaintiff occupied the second floor as a dwelling and the street floor as a barber shop.   He had been a tenant for more than nineteen years, and was a tenant when the defendant purchased the house.   The steps on which the plaintiff fell were of granite; they were used in common by the tenants and were exposed to the weather. The defendant, called by the plaintiff, testified that "sometimes if the janitor didn't clean the front steps he used to hire a boy to clean them"; that "sometimes he had a janitor and sometimes he didn't."   The plaintiff testified that "sometimes when he got time he cleaned the steps." A verdict was directed for the defendant.

The obligation resting on the landlord was to keep the common passageways in the same condition or apparent condition in which they were at the beginning of the relation of landlord and tenant.   There was nothing to show the terms of the contract of letting.   It is the ordinary case where premises are hired and the only duty resting on the landlord is that imposed by law to keep the common halls and passageways in the same condition of safety as they are or appear to be in at the beginning of the tenancy. *Flanagan* v. *Welch,* 220 Mass. 186, 191. *Gallagher* v. *Murphy,* 221 Mass. 363, 365.   There is nothing in the evidence reported indicating that the defendant failed in this duty.   He was not obliged to change the construction of the steps which were exposed to the weather.   In the absence of any express or implied contract on his part to remove the snow and ice, he was not obliged to do this. *Webber* v. *Sherman,* 254 Mass. 402.   See *Flanagan* v. *Welch, supra; Gallagher* v. *Murphy, supra.*   We do not think there was sufficient evidence to

warrant a finding that the landlord undertook the duty of removing the snow and ice from the steps, even if it be assumed that he did at times remove the snow. See *Bell* v. *Siegel*, 242 Mass. 380.

*Exceptions overruled.*