Robbins, J.
This is an action of tort in which the plaintiff, a tenant-at-will of the defendants, seeks to recover damages for personal injuries sustained by her as the result of the negligence of the defendants in failure to maintain a common passageway in a safe condition for the plaintiff’s use.
The answer of the defendants is a general denial, and an allegation of contributory negligence on the part of the plaintiff.
The court made the following special findings of fact:
“The court specially finds that the plaintiff at the time of the accident was a tenant-at-will of the defend *465 ants; that there had been no termination of this relationship prior to the accident; that the stairway down which the plaintiff fell was a common passageway and in the possession and control of the defendants; that this stairway was in good condition at the time of the letting and defective and in a dangerous condition at the time of the accident; that the plaintiff tripped and fell down the stairs as a result of the dangerous condition created by the rubber mats on the treads of the stairs having become worn and having holes in them; that the defendants had knowledge of the dangerous condition of the stairway which had been in existence for an unreasonable length of time; that the defendants failed to maintain the common passageway in as safe a condition for its intended use as it was or appeared to be at the beginning of the tenancy, and that the defendants were negligent and the plaintiff was in the exercise of due care.
“The court further specially finds that the facts set forth in the plaintiff’s declaration were legally sufficient to establish a right of action and her writ and declaration proper as a matter of law so as to allow the plaintiff to maintain her action and to recover thereunder.”
At the close of the trial and before the final arguments, . the defendants made the following requests for rulings:
“1. If the court finds that the plaintiff was a tenant of the defendants and that prior to the date of the accident she agreed with the defendants that her tenancy was terminated and that she was in arrears with her rent, then she was no longer a tenant-at-will but a tenant-at-sufferance at the time of the accident alleged in her declaration.
“2. A tenancy may be terminated at any time and in any manner which may be mutually agreed upon by the parties.
“3. The defendants owed the plaintiff only the duty not to wilfully nor wantonly injure or cause injury to her.
*466 “4. The defendants are not liable in tort for the injuries allegedly sustained by the plaintiff, even though the court finds there was an omission to make any repairs or changes in the stairway of the defendants.
“5. Upon the law and all the evidence, a finding should be made for the defendants because the plaintiff’s writ and declaration is not sufficient and proper as a matter of law so as to allow the plaintiff to maintain her action and to recover thereunder. ’ ’
The court disposed of the defendants’ requests for rulings as follows:
“Bequest #1 was denied as being based upon an assumption of fact not found by the court; request #2 was granted; request #2> was denied as inapplicable to the facts found by the court; requests #á and 5 were denied on the grounds that the court found to the contrary.”
The defendants claimed to be aggrieved by the court’s refusal to rule as requested, and they filed a brief in support of their contentions. The plaintiff filed no brief and neither side argued the appeal, which was submitted on the defendants ’ brief.
Requests numbered 1 and 3 were denied by the court because as it said “they were based upon an assumption of fact not found by the court” or were “inapplicable to the facts found by the court.” The evidence set forth in the report which relates to this matter is that the plaintiff “admitted that she was in arrears in her rent at the time of the accident and for some time prior thereto, and that she had ■ agreed with the defendants to move from the premises.”
Regardless of the finding of fact, the defendants argued that by law this conversation turned the plaintiff’s tenancy from one at will into one at sufferance. We do not think that the plaintiff’s agreement to move from the premises at some indefinite time in the future can be construed as a *467 termination of the tenancy at will. It may be that the agreement is good evidence of a waiver of the required notice to quit, but this, in itself, would not constitute the tenancy one of sufferance. In fact, a tenancy at sufferance cannot be created by agreement. Johnson v. Carter, 16 Mass. 443, 446. Benton v. Williams, 202 Mass. 189, 192. 35 Corpus Juris 1135, Section 371.
The defendants cited certain cases in which the alleged negligence was in failure to repair some part of the leased premises. These cases, however, are not applicable to the case at bar, where the negligence was in the maintenance of a common passway.
The defendants’ only other contention is that the plaintiff’s remedy is in contract rather than in tort, and it is sufficient to say that this contention is not sound. Rodde v. Nolan, 281 Mass. 493, 497, Oles v. Dubinsky, 231 Mass. 447, Looney v. McLean, 129 Mass. 33, Flanagan v. Welch, 220 Mass. 186, 191.
The report is to be dismissed.