MARGUERITE C. McNEILL *vs.* HOME SAVINGS BANK.

Suffolk.   March 1, 1943. — April 26, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Landlord and Tenant,* Snow and ice, Common passageway, Landlord's liability to tenant or his family or his invitee. *Snow and Ice. Negligence,* One owning or controlling real estate.

In the absence of a contractual obligation to the tenant to that effect, the landlord of a building occupied by several tenants and having a front areaway used in common by the tenants owed no duty to the tenant or to his employee to remove or sand a patch of ice which had formed in a depression existing in the areaway at the time of the letting to the tenant and upon which the employee slipped while crossing the areaway along a path shovelled in the snow by the landlord.

TORT.   Writ in the Superior Court dated March 26, 1940. The action was tried before *Giles,* J.

*R. J. Walsh,* (*G. Sullivan & M. L. Lourie* with him,) for the defendant.

*S. P. Sears,* (*J. W. Lobdell* with him,) for the plaintiff.

RONAN, J.   The plaintiff finished her day's work a little before six o'clock on the afternoon of February 27, 1940, at her employer's place of business, located in the defendant's building which was set back thirty to forty feet from the southerly line of Beacon Street, in Boston.   She was proceeding over this setback area on her way to the street along a path that had been cleared of snow by the defendant's janitor when she slipped and fell upon ice, formed from water that had collected in a depression.   She had a verdict on a count alleging negligence on the part of the defendant.   The defendant excepted to the denial of its motion for a directed verdict, to the refusal of requests for instructions, and to a portion of the charge.   These exceptions rest upon two contentions, (1) that the plaintiff was a licensee at the time she was injured, and (2) that the defendant owed her no duty to remove the snow and ice and to sand the ice at the place where she fell.

The defendant on April 27, 1939, had leased to the plaintiff's employer the store at No. 809 Beacon Street with the basement thereunder for a term of two years. This store was located in the easterly portion of the street floor of a five-story brick building which was occupied by apartments. The building set back thirty or forty feet from the southerly side line of the street. The entrance to the store was the easterly of three single doorways, which were located side by side. The middle door was unused. The westerly door, which was numbered 811, was the entrance to the apartments. A concrete wall or curbing surmounted by an iron railing ran from the westerly side of this westerly doorway to Beacon Street. This setback area or front yard extended from the front of the building to the street and from the wall easterly across the defendant's premises. The surface of this area was level with the sidewalk and was composed of cement blocks four feet square. There were no lines or marks upon the cement blocks indicating that any portion thereof was to be used in conjunction with either of the two entrances. There was no designated path to either entrance. The entire area was used by persons entering or leaving the building. According to the defendant's president it "was a lot of land that went with the building" and "was used indiscriminately by the tenants and customers of the store and the employees." It had the "look of availability in all directions to people doing business or having concerns in the building." The place of the accident was directly in front of the doorway numbered 811, about three feet in from the street and, judging from the photographs, which were exhibits, approximately eight feet westerly of a line drawn at right angles to the building and extending from the entrance to the store to Beacon Street.

The defendant's janitor previous to the accident had shovelled a path commencing at the entrance to the store, then continuing by the other two doorways to the wall and along the wall to Beacon Street. He had cleared the snow and sanded the ice in the same location as this path on previous occasions, before and during the term of the lease, whenever there had been a snow storm. The president of

the defendant testified that it was the duty of the janitor "to keep that front yard clear of snow and ice and if it was in a slippery condition it was his duty to sand it."

We assume in favor of the plaintiff that the lease of the store and basement granted to the lessee, as appurtenant to the premises described in the lease, the right to use the front yard as a common passageway as a means of access between the store and the street, *Oliver* v. *Dickinson,* 100 Mass. 114; *Crabtree* v. *Miller,* 194 Mass. 123; *Tremont Theatre Amusement Co.* v. *Bruno,* 225 Mass. 461; *Maran* v. *Peabody,* 228 Mass. 432, that she had the same rights as her employer in travelling between the store and the street, and that in doing so she was not a licensee toward the defendant. *Domenicis* v. *Fleisher,* 195 Mass. 281. *Hawkes* v. *Broadwalk Shoe Co.* 207 Mass. 117. *Baum* v. *Ahlborn,* 210 Mass. 336. *White* v. *Beverly Building Association,* 221 Mass. 15. *Grady* v. *Gardiner,* 272 Mass. 491. *Bacon* v. *Jaques,* 312 Mass. 371.

The defendant, by reserving the front yard in its possession and control for the use of all its tenants in the building, did not, in the absence of any agreement with the tenants, assume any obligation to keep the yard free from snow or ice or to sand the ice, and the only obligation that the law imposed upon it with reference to this area was one that arose out of the relationship of landlord and tenant and required it to keep the area in the same condition· as to safety in which it was or appeared to be at the time of the letting. *Silver* v. *Cushner,* 300 Mass. 583. *Chambers* v. *Durling,* 306 Mass. 327. It is undisputed that the depression at the place of the accident had existed before and since the tenancy of the lessee, the plaintiff's employer, had commenced. The defendant was not bound to improve the way by eliminating the depression, and if the accident was caused solely by the depression, the plaintiff could not recover. *Sullivan* v. *F. W. Woolworth Co.* 305 Mass. 378. *Boisse* v. *Goldberg,* 306 Mass. 336.

The plaintiff bases her case upon the alleged negligent failure of the defendant to sand the ice, and asserts that it owed her a duty to do so. The mere relationship of landlord and tenant did not impose any duty upon the defendant to

remove the snow and ice naturally accumulating upon areas provided for the common use of its tenants. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Boulton* v. *Dorrington,* 302 Mass. 407. The right which the plaintiff asserts was not created by the terms of the lease, and there is no evidence here that the lease was superseded, altered or modified by any subsequent contract founded upon a legal consideration between the defendant and the plaintiff's employer, as there was in *Feeley* v. *Doyle,* 222 Mass. 155, *Conroy* v. *Toomay,* 234 Mass. 384, *Tashjian* v. *Karp,* 277 Mass. 42, and *Cohen* v. *Homonoff,* 311 Mass. 374. Compare *Shepard* v. *Worcester County Institution for Savings,* 304 Mass. 220; *Hannon* v. *Schwartz,* 304 Mass. 468; *Bailey* v. *First Realty Co.* 305 Mass. 306.

The plaintiff relies upon *Nash* v. *Webber,* 204 Mass. 419, and *Erickson* v. *Buckley,* 230 Mass. 467. In the first case the obligation to remove snow and ice arose from the construction of the lease, which, although ambiguous, could in the light of the conduct of the parties be found to impose such a duty upon the lessor; while, in the second case, a similar obligation could be found to be included within the oral contract of letting. In the first case it was said at page 425 that the defendant might be held liable for a negligent breach of a duty to remove the snow if it was shown "that, as to his relations with the plaintiff's mother [the tenant], he actually had taken upon himself the duty of keeping these stairways clear and free from snow, so that she had a right to rely upon his performance of that duty." It is plain that the duty referred to was one arising out of a contract. Just previous to making the above statement the court carefully pointed out the difference between a voluntary undertaking of a landlord and one assumed under a contract, and rested the statement upon the case of *Miles* v. *Janvrin,* 196 Mass. 431; *S. C.* 200 Mass. 514, where the evidence showed that the landlord entered into a contractual relation with the tenant by which he agreed to keep a part of the demised premises in safe condition for the use of the tenant. There is nothing in this statement inconsistent with the general rule that the land-

lord is not liable for failure to remove snow and ice naturally accumulating upon a common passageway, in the absence of a valid agreement to do so. In the instant case such a duty did not arise out of the lease. There was no evidence of any conversation or arrangements subsequent to the execution of the lease between the lessor and the lessee with reference to the removal of snow or ice, or that the defendant was paid anything for extending the path a few feet easterly from the entrance to the apartments to the entrance to the store. For aught that appears in the record the defendant might have been under a contractual obligation to its apartment tenants to furnish a path from their entrance at number 811 to the street. If the evidence was sufficient to warrant a finding that the defendant had undertaken the work of clearing a path from the store to the street, there is "nothing to that effect within the contract of hiring either as a part of its original terms or by modification thereof, and hence the obligation was gratuitous, and the defendant was not liable unless . . . [its] failure to remedy the dangerous condition was evidence of gross negligence." *Bell* v. *Siegel*, 242 Mass. 380, 382. The plaintiff failed to prove that her accident was due to any negligent failure on the part of the defendant to perform a contractual duty owed to her employer or through her employer to herself. There was error in the denial of the defendant's motion for a directed verdict. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Watkins* v. *Goodall*, 138 Mass. 533. *O'Donoughue* v. *Moors*, 208 Mass. 473. *Smolesky* v. *Kotler*, 270 Mass. 32. *Martin* v. *Rich*, 288 Mass. 437. *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104. *Boulton* v. *Dorrington*, 302 Mass. 407. *Allan* v. *Essanee, Inc.* 309 Mass. 1.

*Exceptions sustained.*