## SWANIE R. FITZGERALD v. STATE.

No. A-10365. Feb. 28, 1945.

(156 P. 2d 628.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., E. J. Broaddus, Asst. Atty. Gen., and David L. Field and Gerald Watts, Co. Atty., both of Hobart, for defendant in error.

BAREFOOT, P. J.  Defendant, Swanie R. Fitzgerald, was charged in the county court of Kiowa county with the crime of unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $250, and to serve 30 days in the county jail, and has appealed.

Defendant sets forth seven assignments of error, but in his brief presents them under one head:

"There is no competent evidence in the record to sustain the verdict of the jury and judgment of conviction of the defendant."

The record reveals that Mrs. Mertice Taft owned an apartment house in the city of Hobart, Kiowa county, Okla.  This house contained five apartments, with a stairway from the first to the second floors in the front hall. Defendant rented from Mrs. Taft two rooms on the lower floor, in which he and his family lived.  He also rented a single room on the second floor, where he had some furniture stored.

Tom Overstreet, a constable, secured a search warrant for the purpose of searching for intoxicating liquor in the two rooms occupied by defendant, on the lower floor. He went to the apartment house about 11 o'clock on the night of November 24, 1941, accompanied by three deputy sheriffs.  When near the house, they saw an automobile drive up to the apartment house and stop.  They went to the porch and saw a man standing in the hall, and saw the defendant, clad in his pajamas, come from his rooms on the lower floor and go up the stairs.  In a very few minutes

they saw him coming down the stairs, and when he reached the bottom of the steps they stepped inside, and Constable Overstreet handed him the search warrant. As he did so, he saw a bottle of whisky in defendant's hand, and he testified that defendant "stuck his hand sort of behind him." The constable looked, and defendant had two pint bottles of whisky in his hand, which the officers took at that time. The officers saw a bill, or bills, in the hand of the other man in the hall, who stepped into defendant's rooms. The officers did not hold him.

They searched the two rooms on the lower floor, occupied by defendant, but found no intoxicating liquor. Constable Overstreet and one of the deputies then returned to Hobart for the purpose of securing a search warrant to search the room on the second floor. The other two officers remained on the premises, and one of them telephoned the officers at the county attorney's office, telling them to return, that defendant had given his permission for the search of the room, and that it was unnecessary to procure a search warrant.

When the officers returned, a search was made of the room on the second floor, and the officers there found seven pints and 20 half pints of whisky, in a "plant" situated in the floor of this room. The plant was under a rug, between the floor of the room and the ceiling of the room below. Floor boards had been cut so as to make a door or lid for the plant, and a hole had been bored in one board so that a finger could be inserted and the lid raised. The defendant was arrested and charged with the possession of the liquor.

Prior to the date set for trial, defendant filed a motion to suppress the evidence on the ground that the search was illegal, and any seizure made thereunder was

in violation of his constitutional rights. A hearing was had on this motion by the court prior to the trial, and evidence taken. It developed at this hearing that the original affidavit and search warrant had been lost and could not be produced, and that the justice of the peace who had issued the search warrant had died. The justice of the peace appointed in his place produced the docket kept in his office, and it was introduced in evidence. This docket showed the issuance of the search warrant in question, and the return thereof.

Under the above statement of facts, we are of the opinion that the evidence was sufficient to show that a search warrant had been issued and served. This being true, the officers had the legal right to enter the premises for the purpose of searching the same. If they had the right to enter the premises legally, then any violation of the law committed in their presence would justify them in making an arrest without the necessity of a warrant. It is revealed by the evidence that they observed defendant with two pints of whisky in his hand. The party who had entered the premises prior to the officers was standing near by with money in his hand. These circumstances were sufficient to justify the arrest of defendant. Simons v. State, 69 Okla. Cr. 265, 101 P. 2d 852; Tripp v. State, 73 Okla. Cr. 69, 118 P. 2d 273; Golden v. State, 75 Okla. Cr. 121, 129 P. 2d 202; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544.

Mrs. Taft, who owned the apartment house, gave the officers permission to search any part of the house under her control. We do not think this gave the right of search to the rooms rented and occupied by her tenants without their consent. There is some dispute as to whether defendant gave his permission to search the rooms occupied

by him, but we deem this as immaterial, for the reason that defendant had lawfully been placed under arrest by the officers and this gave them the right to search his person and property in his immediate possession, and they therefore had the right to search the store room which was under his control and possession, on the second floor. Secreted in a trap under the floor of this room, the officers found seven pints and 20 half pints of whisky.

The evidence in this case revealed that defendant was arrested in the hallway of the apartment house. He was not in his own apartment. The general rule is that common halls and stairways of buildings which are rented for offices or tenements, are in the possession of the landlord for the use of his tenants. Flanagan v. Welch, 220 Mass. 186, 107 N. E. 979; Tremont Theatre Amusement Co. v. Bruno, 225 Mass. 461, 114 N. E. 672, L. R. A. 1917C, 387.

This, of course, does not mean that a hall and stairway such as in the instant case would be deemed a public place. However, it did not constitute a part of the dwelling place or home of the defendant, but premises which he with others had the right to use, and was in the possession and under the control of Mrs. Taft, the owner of the apartment house. We are not holding that the officers had the right to enter the hall of these apartments without a valid search warrant, but having lawfully entered, they had the right of arrest if they saw a violation of the law therein, without the necessity of a search warrant.

Defendant did not take the witness stand, and no attempt was made to explain or deny the possession of the whisky. The records of this court reveal this defendant to be an old offender of the prohibition laws of this state.

In addition to the Oklahoma cases above cited, we call attention to the case of Taylor v. State, 120 Tex. Cr. R.

268, 49 S. W. 2d 459, 461, in which the Court of Criminal Appeals of the State of Texas held:

"In the present instance, the arrest of the appellant and the search of his residence can be upheld if the officers making the arrest and search were lawfully in the yard of appellant's residence at the time of the commission of the offense described by them. If, however, they were in his yard unlawfully at the time they discovered the commission of the offense, the arrest of the appellant and the search of his residence cannot be upheld, and the evidence of his guilt obtained by virtue of an illegal entry into his yard would be inadmissible under the terms of article 727a, C.C.P. Since the entry into the appellant's yard and the consequent observation of the manufacture of whisky in his residence were obtained by virtue of a search warrant, the terms of the search warrant became of vital importance. If the search warrant was void on its face, the entry of the appellant's yard on the authority of the warrant was unlawful. If regular on its face, the entry of the yard thereunder would not be unlawful. * * *

"From the testimony of the officers, it also appears that before making any search they delivered the search warrant, or a copy of the same, to the appellant. The appellant opposed the reception in evidence of the discovery made by the officers, demanding as a predicate therefor the introduction in evidence of the search warrant. Responding to this demand, counsel for the state introduced evidence, the effect of which was to show that the search warrant had been lost. The state also disclaimed reliance upon the search warrant as authority for the introduction in evidence of the criminating facts. If the state had relied upon the validity of the search warrant, it would have been incumbent upon it to show that the warrant was regular upon its face. * * *

"When the appellant demanded the production of the search warrant as a predicate for the proof of the result of the search, counsel for the state declared that he did not possess the warrant and did not rely upon it as a prerequisite for the introduction of the evidence showing

the result of the search. The evidence of the officers who arrested the appellant was introduced, in substance, the effect of which was that the search warrant had been issued by a magistrate and placed in their possession; that, before the search of his premises, it was delivered to the appellant. As stated above, if the search warrant was regular upon its face, the entry of the appellant's premises would not have been illegal. That the appellant possessed a search warrant or a copy thereof was in evidence without dispute. That on its face the search warrant was regular apparently would be presumed. See Burtch v. Zeuch, 200 Iowa 49, 202 N. W. 542, 39 A. L. R. 1349. If we are correct in assuming that the warrant was presumed to be regular on its face, unless the contrary is shown, and, the appellant having possession of the warrant, and thereby the means of rebutting the presumption if the facts justified it, he apparently was not in a position to complain of the reception of evidence which was obtained through a legal entry of his curtilage by virtue of a search warrant not shown to be void on its face."

For the reasons above stated, the judgment of the county court of Kiowa county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.