## ROBERT FLOWERS v. STATE.

No. A-10934.    Jan. 12, 1949.
(202 P. 2d 233.)

Miskovsky & Miskovsky, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Warren H. Edwards, County Atty., Oklahoma County, of Oklahoma City, for defendant in error.

BAREFOOT, J. Defendant, Robert Flowers, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor, to wit: 78 pints of whisky; was tried, convicted and sentenced to pay a fine of $500 and to serve 30 days in the county jail, and has appealed.

Nine assignments of error are presented by the petition in error, but defendant in his brief states that only one proposition will be discussed, which is:

"The search of ones hotel room without a warrant of arrest, or a valid search warrant, or knowledge by the officers that the room contained whisky, is illegal, and evidence obtained by such search and seizure should be excluded upon timely objection."

For a proper consideration of this question, it is necessary to give a short statement of the facts as revealed by the record.

The evidence shows that on February 13, 1947, the proper officers of Oklahoma county procured a search warrant for the purpose of searching room No. 338, in the Oklahoma Hotel, located at 220½ North Broadway, in Okla-

homa City, Oklahoma county. On said date, pursuant to said warrant, the officers proceeded to execute the same by searching the said room No. 338. They found no whisky in this room. Upon completion of the search of this room, the officers went to the office of the hotel, and examined the hotel register, and found that room 338 was registered in the name of Freddie Powell, and that room 217 was registered in the name of Jack Powell. Defendant testified that Freddie Powell worked for him, but that he never heard of Jack Powell, that he was occupying room 217 as his living quarters, and that the same should have been registered in his name. The officers testified that they went to room 217 and found a padlock on the same. That the door stood ajar about one inch, and that by the aid of flashlight they could see through a crack, by placing their heads against the door, and when they did this, they saw boxes in the room marked "Whisky." They then proceeded to remove the lock from the door at room 217, and about the time they had removed the lock, the defendant came up. The officers called to him, and he came to the door and was there when the officers entered the room. They found 78 pints of whisky in the boxes, as alleged in the information.

At the hearing on the motion to suppress the evidence, the defendant testified, as above stated, that he occupied and had possession of room 217, that the same was securely padlocked, and there were no cracks in the door. He admitted the ownership of the whisky, but stated that the search of room 217 was made without his consent, and without a search warrant. He testified that he was on the lower floor, in the cafe, and someone notified him that the raid was in progress, and as he started up the steps to the

second floor, the two officers were removing the padlock from room 217, motioned for him to come to them, and that he went and entered the room with the officers. That they searched the room, and found approximately three cases of whisky.

It has often been held by this court that under the statute permitting the issuance of search warrants for the purpose of searching premises, 22 O.S.1941 § 1221 et seq., the affidavit and search warrant should particularly describe the premises to be searched, and that no discretion is left to the officer executing the warrant; and that the right to search under the warrant is limited to the place or premises therein described. Scogin v. State, 61 Okla. Cr. 348, 68 P.2d 111; Hill v. State, 80 Okla.Cr. 39, 156 P.2d 631; Herrion v. State, 79 Okla.Cr. 48, 150 P.2d 865.

In construing the above statute, it has been held that other places coming within the curtilage of the premises to be searched are included in the description. Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018.

We have also had occasion to construe the statute with reference to the search of hotels and boarding houses. Flanagan v. State, 74 Okla.Cr. 127, 124 P.2d 270; Craigo v. State, 64 Okla.Cr. 362, 81 P.2d 336; Love v. State, 83 Okla.Cr. 403, 177 P.2d 846; Fitzgerald v. State, 80 Okla. Cr. 43, 156 P.2d 628; Perry v. State, 72 Okla.Cr. 149, 114 P.2d 185.

A hotel is a place of business, and the rule that search warrants should contain a particular description of the exact premises to be searched should be strictly construed. The description in the search warrant should be such that the officer serving the warrant will know the exact premises or rooms or part of the hotel to be searched. This to

the end that premises or rooms occupied by innocent individuals, against whom no affidavit has been filed, may not be searched. To hold otherwise would be to deprive the individual citizen of his constitutional rights against search and seizure, a sacred right which has been recognized since the adoption of the Constitution of the United States, and the Constitution of this state. The facts in the instant case at once exemplify his rule. The officers made an affidavit and secured a search warrant for the purpose of searching room 338 in the Oklahoma Hotel, located at 220½ North Broadway, in Oklahoma City. After completing the search of this room, which contained only a desk, a chair and three telephones, the officers proceeded to examine the hotel register, as hereinbefore stated, and then to search room 217, where the whisky in question was found. They had the same right to search any other numbered room in the hotel, as they did to search room 217. As above stated, this could have easily subjected many other persons to the search of their rooms, without the filing of an affidavit against them, and thus deprive them of their constitutional rights. The officers testified that when they appoached room 217 they observed that it was padlocked, but by the use of a flashlight, and holding their heads near a small crack, they could observe packages which were marked "Whisky." Defendant denied that this condition existed. We have gone a long way in our decisions to uphold the legality of an arrest and search of the person, and the immediate premises where a misdemeanor is committed in the sight and presence of the officer, to the end that those guilty of the commission of an offense in the presence of the officer may be justly punished. But the facts in this case do not justify the application of this rule, and to do so would establish a rule which would deprive many innocent citizens of the right to be exempt from search and

seizure, where there has been no violation of the law by them. How easy it would have been for the officers, after an examination of the hotel register, and finding the padlock on the door of room 217, to have made an affidavit for the purpose of searching that room, and secured a search warrant for that purpose.

For the reasons above stated, the judgment of the court of common pleas of Oklahoma county is reversed, with directions to sustain the motion to suppress the evidence upon which this conviction was had, and to discharge the defendant.

JONES, P. J., and BRETT, J., concur.