**BEATTY v. STATE.**

No. A–11900.

Criminal Court of Appeals of Oklahoma.

March 31, 1954.

Harold McArthur, Frank Hickman, Frank Robert Hickman, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Blanche Beatty, defendant below, was charged by information in the common pleas court of Tulsa county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, to-wit, 10½ pints of James E. Pepper, 12½ pints of Cascade, all federal tax paid whiskey, 21½ pints of corn whiskey non-tax paid, 20½ pints of Gordon's Gin, an intoxicating beverage containing more than 3.2% alcohol content by weight. The offense was allegedly committed in the aforesaid county on July 30, 1952. The defendant waived a jury and stood trial before the judge of said court. She was found guilty and was sentenced to 30 days in jail and to pay a fine of $50; judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant first urges that the search and seizure was invalid and that the trial court erred in overruling the motion to suppress the evidence. On this point we have nothing here to consider for the reason that the case-made discloses that though the motion to suppress was filed and 3 witnesses were sworn, and we presume gave testimony on the motion, the motion to suppress was overruled with exceptions, with a notation that the testimony on the motion to suppress is not included in the case-made. Therefore in the absence of the evidence taken on the motion to suppress the evidence, we have no basis upon which to predicate an opinion as to whether the trial court erred in overruling the motion to suppress. We must presume that the ruling was based upon sufficient evidence. There is then only one other point upon which this appeal can be considered, that is the sufficiency of the evidence to support the conviction.

Deputy sheriffs Fred Stapp and Phil San Angelo testified that they went to the premises located at 2406 East 30th Street North in Tulsa. The record discloses they did not have a warrant for the search of the defendant's premises. It further shows that the defendant was operating a small hotel, cafe and beer tavern in these premises. She was not in her place of business when they arrived. Officer Stapp related that he entered the building, and there was an elderly gentleman sitting pretty close to the door and he told him what he wanted. The record discloses that this man sold him a pint of gin. He placed the man under arrest and proceeded to search the premises. A search of the kitchen and other parts of the premises in the immediate vicinity of where the arrest was made was conducted. All the doors to the room searched were open and adjoining the cafe premises. In the bedroom just off the kitchen they found a basket of liquor behind the bed where the defendant's daughter was sick in bed. On finding the hereinbefore described liquor the defendant's daughter was placed under arrest. Immediately thereafter the defendant came in and upon finding that her daughter was under arrest she claimed the whiskey as her own and contended that neither of the other parties, her daughter

or the gentleman, had anything to do with the intoxicating liquors found under the bed. The bedroom where the liquor was found was on the ground floor and the first room just off the cafe. The officers further testified that upon being asked if she had a liquor stamp the defendant opened her purse and showed a federal retail liquor stamp which was in the name of Blanche Beatty. The officers did not recall the date of the issuance or the expiration date of the retail license. The state's case further discloses that Blanche Beatty owns the business and was operating it the day the seizure of the liquor was made. The state's case further shows that back in the kitchen the officers found some empty and some half filled one-half pint bottles of both tax and non-tax paid whiskey, and that in the kitchen they had an ice box with all kinds of pop in it and equipment for serving drinks.

 Blanche Beatty testified in substance that she was operating the place of business where the liquor was found. When she returned the officers were searching her sick daughter's room. She testified the liquor was not there when she left but it was brought in during the hour that she had been gone. She admitted that she had been convicted of selling liquor one time before, and did not deny she was in possession of the retail liquor license but contended that it had expired prior to the time she was placed under arrest. In her testimony she denied that the liquor belonged to her and gave as an explanation for its being there that her sick daughter was leaving for California and that some of her roomers were talking about giving her a going away party, that they intended to give her a party to make her feel good and that all the whiskey was for that purpose. This court has held on numerous occasions that where a misdemeanor is committed in the officer's presence he has a right under the statutes of the state of Oklahoma to arrest without a warrant, and after the arrest to search the defendant and his immediate surroundings. Greer v. State, 88 Okl.Cr. 195, 201 P.2d 274; Strategier v. State, 56 Okl.Cr. 11, 32 P.2d 1054; Winiger v. State, 56 Okl.Cr. 20, 32 P.2d 952; Barfield v. State, 68 Okl.Cr. 455, 99 P.2d 544; Overturf v. State, 69 Okl.Cr. 303, 102 P.2d 623; Tripp v. State, 73 Okl.Cr. 69, 118 P.2d 273; Fitzgerald v. State, 80 Okl.Cr. 43, 156 P.2d 628; Passmore v. State, 87 Okl.Cr. 391, 198 P.2d 439; Atkins v. State, Okl.Cr., 231 P.2d 406. Such is precisely the situation herein as reflected by the uncontradicted evidence. The evidence further discloses that Blanche Beatty according to her own admission to the officers was in possession of this large quantity of liquor in violation of law. While Blanche Beatty at the trial denied that the liquor belonged to her the state of the record presented a conflict in the evidence which was a matter to be determined by the jury. It has been repeatedly held by this court where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, Criminal Court of Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Holman v. State, Okl.Cr., 262 P.2d 456. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.