## PAUL LEVY v. STATE.

No. A-4984.   Opinion Filed July 11, 1925.
(238 Pac. 235.)

A. V. Dinwiddie, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Paul Levy, was tried and convicted on an information charging that he did unlawfully transport intoxicating liquor from a certain point in the city of Guthrie, to his home in said city, and in accordance with the verdict of the jury was sentenced to be confined for 75 days in the county jail and to pay a fine of $200. To reverse the judgment he appeals.

In the view we have taken of the disposition of this case, it is neither important nor necessary to consider more than one of the questions presented in the record and brief.

The undisputed facts are that a deputy sheriff and three or four policemen went to the home of the defendant in the city of Guthrie, in his absence. Two of the officers went into the defendant's house, and two of them stationed themselves in his garage. When he drove up to his garage, one of the officers opened the door and said, "Paul, I guess we will have to take you." They searched the car and found two jugs containing whisky, which they seized, and arrested the defendant. All the evidence in the case was admitted against the defendant's objection on the ground that the same had been secured by an illegal search

and seizure. At the close of the evidence for the state, there was a motion by the defendant for a directed verdict on the ground that all the evidence in the case was illegally and unlawfully obtained.

It is the well-settled doctrine in this state that—

"Articles and property seized under color of unreasonable or unauthorized search and seizure are inadmissible; and oral testimony as to articles or property seized under such search and seizure inadmissible." Gore v. State, 24 Okla. Cr. 394, 218 P. 545.

A reasonable and lawful search and seizure is provided for in the Constitution by means of a search warrant, supported by oath or affirmation, and all others are unreasonable and unlawful.

It is also well settled that where the officer does not know of the act constituting the offense, it is not committed in his presence, and an officer without a warrant has no right to arrest a person for misdemeanor not committed in his presence. Keith v. State, 30 Okla. Cr. 631, 235 P. 631.

On the authority of the cases cited, the judgment in this case is reversed and the cause remanded, with direction to discharge the defendant.

BESSEY, P. J., and EDWARDS, J., concur.