# FRANK KOLANDER v. STATE.

No. A-5322.   Opinion Filed Dec. 23, 1925.)
(241 Pac. 837.)

Fred L. Hoyt, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.   The information in this case charges that in Ellis county, on the 8th day of May, 1924, "one Frank Kolander did then and there unlawfully have in his possession certain mash fit for distillation or the manufacture of wine, or other alcoholic liquors." A trial was had thereunder and the defendant was found guilty. August 13, 1924, the court rendered judgment and sentenced the defendant to pay a fine of $200 and be confined in the county jail for 30 days. To reverse the judgment he appeals.

The evidence shows that on the day alleged under authority of a search warrant, two officers visited the defend-

ant's home, some 6 or 7 miles southwest of Shattuck and searched the premises.

When the case was called for trial, the defendant objected to the introduction of any testimony being given by the sheriff or his deputy, whose names are indorsed on the information, for the reason that the search and seizure was made by these officers under a void search warrant, issued on an affidavit that was legally insufficient. In support of the affidavit the search warrant was offered in evidence. The affidavit, which was verified by the sheriff, recites:

"That in Ellis county, state of Oklahoma, on the 8th day of May, 1924, the above-named defendant John Doe, whose real name is not known, in a resident building, or barn, granary, cellar, cistern, chicken house, on the farm land, pasture, orchard, at and on the north one-half of section 13, township 20, R. 26, did, then and there unlawfully and willfully, have in their possession and under their control, and did, then and there, keep and do now have in their possession and under their control, whisky, beer, and wine and other compounds."

The proof shows and it is undisputed that affiant did know the name of the defendant. The affidavit does not allege that the defendant's residence was a place of public resort. The motion to suppress was overruled.

James Haslam, sheriff, testified that under authority of a search warrant he visited the north half of said section 13 and the home of the defendant, who was absent, his wife and three children and his father were there; that he found a barrel of mash in the workshop and found a broken bottle near the house that had a small amount of whisky left in the broken part; that the mash was dry, but it smelled very much like whisky; that he found a copper funnel and a piece of yeast and a wash boiler; that he returned the wash boiler because he was convinced that it had not been used in making whisky.

Frank Hecox, deputy sheriff, testified that he was

with the sheriff when they searched the defendant's home and premises; that they found a barrel of mash and a copper funnel; that they did not find anything belonging to or connected with a still.

Frank Kolander, as a witness in his own behalf testified that he lived on his farm, 6 miles southwest of Shattuck; that he had lived in Ellis county 22 years; that the barrel seized by the officers contained horse feed and hog feed, made of rye soaked in water; that he put it in the shop to keep the cattle from getting into it; that the funnel seized was used for filling the tank of his tractor; that he knew nothing about the yeast introduced in evidence; that he had never been arrested before.

Three other witnesses testified that the barrel contained soaked grain, and that was the customary way of feeding unground barley, rye, and kaffir corn in that community to work stock. It also appeared that the defendant only owned one quarter section of the half section described in the affidavit and search warrant.

The record shows beyond a doubt that the search warrant in this case was not issued in accordance with the law. Under the statute (section 7013, C. S. 1921) no officer is authorized to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort, and no magistrate in this state has the power to issue a search warrant to search a private residence, unless it is made to appear that such private residence comes within the exception in said section. Foster v. State, 27 Okla. Cr. 270, 226 P. 602.

It has been repeatedly decided by this court that evidence obtained by an unlawful search and seizure, and contrary to section 30 of the Bill of Rights, is inadmissible against the defendant, as being in violation of section 21 of

the Bill of Rights, giving one accused of crime immunity from becoming a witness against himself.

In the case of Wiese et al. v. State, 32 Okla. Cr. 203, 240 P. 1075, we held:

"Affidavit for search warrant, describing the place to be searched as a certain section of land, and without naming the owner, is insufficient to furnish the particular description of the place to be searched, where it appeared that the land so designated was owned and occupied by several persons, so that it was in fact several places."

And see Daniels v. State, 32 Okla. Cr. 426, 241 Pac. 836.

Upon the undisputed facts it appears that the search and seizure in this case was an unlawful trespass, and that all the evidence was improperly admitted against the defendant in violation of his constitutional and statutory rights.

The judgment of the lower court is therefore reversed, and the cause remanded, with direction to dismiss.

BESSEY, P. J., and EDWARDS, J., concur.