## WATT NOBLE v. STATE.

No. A-6614. Opinion Filed August 24, 1929.
(280 Pac. 476.)

Percy Powers, for plaintiff in error.

W. M. Williams, Co. Atty., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $100 and confinement in the county jail for 60 days.

The evidence of the state shows that the sheriff received a telephone call from some undisclosed person, requesting him to go to the home of the defendant. The sheriff does not, in his evidence, give the reason for the call, nor the necessity for visiting the residence of the defendant. On reaching the place, the sheriff, with one of his deputies, went to the barn of the defendant and, walking in through an open door, found the defendant, with men named, Armstrong, Burton, and Pugh; that the defendant and some of the other men had been drinking.

The sheriff found eight bottles of beer in a case and about two dozen empty bottles near the men in the barn. No search warrant had been issued to search the residence or curtilage of the defendant, but the sheriff seized the beer and some time later arrested the defendant.

The defendant filed a timely motion to suppress the evidence seized, for the reason that the same was obtained by an unlawful search of the curtilage of the residence of the defendant and in violation of his constitutional rights. This motion was overruled by the trial court, and the defendant assigns the overruling of said motion and the admission of said evidence as his first ground for reversing the case.

When the sheriff received the telephone call, the proper procedure for him to have followed was to procure a search warrant to search the premises, or a warrant for the arrest of the defendant and any of the other parties there. He then could have legally gone upon the premises and, having served the search warrant, could have searched the premises, or, having first arrested the defendant, could have lawfully seized the liquors found on the person or in the possession of the defendant. The mere fact that a man is a public officer gives him no legal right to enter the residence or curtilage, or go upon the premises, of the defendant, except in a legal and orderly manner. The telephone call gave the sheriff no authority to search the premises of the defendant; neither could he arrest him, unless a felony had been committed and there was reasonable cause to believe that the defendant had committed it, or unless an offense was being committed in the presence of the officers.

If we are to have enforcement of law, public officers, charged with the enforcement of the same, must proceed

in a legal and orderly manner. One reason for the widespread disrespect for law arises out of the fact that public officers, charged with the enforcement of law, openly violate the law in the attempted enforcement of the same. The evidence in this case having been obtained by an unlawful search and seizure, and there being no other evidence in the record to support the verdict of the jury, the cause is reversed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.