## FLOYD JENKINS et al. v. STATE.

No. A-7836.    Opinion Filed March 14, 1931.
(296 Pac. 995.)

R. D. Miller, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.    The plaintiffs in error, hereinafter referred to as the defendants, were each convicted of

possession of intoxicating liquor with intent to sell, barter, give away, and otherwise furnish the same, contrary to law; and each was sentenced to pay a fine of $50 and costs and be confined in the county jail for 30 days. From which judgment the defendants have appealed.

Before the case was called for trial the defendants filed a motion to suppress the evidence against them on the ground that the same was secured by an unlawful search and seizure made upon the defendant L. E. Certain's barn, without his consent, and is violative of article 2, sec. 30, of the Constitution of Oklahoma, and is contrary to the rule announced in Noble v. State, 44 Okla. Cr. 214, 280 Pac. 476. This motion was overruled, and the defendants duly excepted.

The testimony of the state tends to show that the defendant L. E. Certain was occupying the barn searched by the officers with his teams, and other property, and that the defendant Floyd Jenkins was an employee of his, helping to drive the teams and to take care of them; that the defendants Certain and Jenkins were at the barn the evening the officers came by; the officers admit they had no warrant for the arrest of either of the defendants or to search the defendant's barn; they went into the barn lot and into the barn without the consent of the defendant, who was in the rightful possession of the barn, and occupying the same with his property, and searched the same, and had not at the time of making the search placed either of the defendants under arrest. Both of the officers admit, at the time they went into the barn to search, neither of the defendants was violating any law so far as they could see; they had not arrested either of the defendants until after they went into the barn, and into the harness room of the barn and found a quantity of what the officers say was whisky.

Section 7014, C. O. S. 1921, provides in part as follows:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshall, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor," etc.

There is no testimony that either of the defendants violated any law in the presence of the officers. In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, this court in the first paragraph of the syllabus, said:

"Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence."

The court further said in the second paragraph of the syllabus:

"Where the officer does not know of the act constituting the offense it is not committed in his 'presence.'"

There is no contention on the part of the state that either of the defendants was committing an offense in the presence of the officers. Under the testimony in this case the search of the barn of the defendant Certain without a warrant for the arrest of the defendants, or a search warrant, was an unlawful search, and the testimony secured by said unlawful search is inadmissible.

The motion of the defendants to suppress the evidence was well taken and should have been sustained. There being no competent testimony to sustain the judgment, the case is reversed.

CHAPPELL and EDWARDS, JJ., concur.