## MRS. WILLIAM MOSIER v. STATE.

No. A-9051. April 10, 1936.
(56 Pac. [2d] 908.)

Mathers & Mathers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience referred to as the defendant, was by information charged with selling two pints of whisky to Mrs. Harvey, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for forty days. Motion for new trial was filed, considered, overruled, and defendant, by petition in error, with case-made attached, appeals to this court to reverse the judgment.

The testimony of the state shows the officers went out to Mrs. Harvey's place, who lived near the defendant, and made some kind of a trade with Mrs. Harvey to go down and see if she could buy some whisky from the defendant.

W. E. Agee testified Mrs. Harvey a day prior to that time had reported Mrs. Mosier to the sheriff's office; the following day he and three other officers went out to the home of Mrs. Harvey and arranged with her to buy whisky from the defendant, and gave Mrs. Harvey a $1 bill with an identification mark on it and sent her to the home of the defendant to buy whisky; he says Mrs. Harvey did not have any whisky when she left them, and, when she came back, she brought two pints of whisky and delivered it to the officers. Mr. Agee stated that he, together with some other officers, went to the home of the defendant and went in and asked the defendant, "Where the money

was this woman Harvey had given her for the whisky? She did not say anything, and I went into her purse and found the dollar bill." When asked by the defendant's attorney if he had a search warrant for her person, witness replied "No." Neither of the officers saw the defendant handling any whisky. The state's witness, Mr. Agee, who claims he marked a dollar bill, together with the other officers, went into the home of the defendant, they had no search warrant to search her person, and there searched the defendant's purse and claim to have found the bill witness Agee claims he marked and gave to Mrs. Harvey.

Before the case was called for trial the defendant moved to suppress the evidence on the ground that the evidence obtained in this case was obtained in violation of the law and under an unlawful search and seizure. Neither of the officers saw the defendant deliver anything to Mrs. Harvey. In fact, the record shows they were so far away they could not see anything that went on about the premises of the defendant. They had no warrant for the arrest of the defendant or to search her person, and the record shows they went to the home of the defendant and searched her purse and found what they claim to be a bill they had delivered to Mrs. Harvey.

The question for this court to decide is, Was the search of the defendant's pocketbook where the officers did not have a warrant for her arrest, had not placed her under arrest, and had not seen her commit any offense in their presence, unlawful? This court, in Crossman v. State, 28 Okla. Cr. 198, 230 Pac. 291, in the second paragraph of the syllabus, said:

"An officer has no more right to search the person of one suspected of the commission of a misdemeanor without a search warrant than he has to search his home."

In Keith v. State, 30 Okla. Cr. 168, 235 Pac. 631, this court in the sixth paragraph of the syllabus said:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

The court further said, in a prosecution for unlawful transportation of intoxicating liquor, defendant cannot be convicted upon evidence obtained by the unlawful search of his person without a warrant for his arrest, and neither the liquor so seized nor the possession thereof so acquired is admissible against him. Levy v. State, 31 Okla. Cr. 199, 238 Pac. 235.

In Helton v. Commonwealth, 195 Ky. 678, 243 S. W. 918, the court stated:

"Under Const. § 10, relative to unreasonable searches and seizures, where officers did not know defendant had whisky in his pocket, and it was not open and obvious to one within a reasonable distance that a package carried by him contained whisky, they had no right to arrest and search him without a warrant or search warrant, and the evidence thus found or disclosed was incompetent."

In Best v. Commonwealth, 207 Ky. 178, 268 S. W. 1089, in the syllabus the court stated:

"An officer under a search warrant authorizing him to search an automobile had no right to search accused while he was not in the automobile, and not its owner, merely because such officer suspected a bulky package in his possession to contain contraband liquor; Acts 1922, c. 33, § 1, not authorizing unreasonable searches and seizures inhibited by Const. § 10."

In this case it is admitted by the officer that the defendant was not under arrest and that he had no warrant for her arrest, and that he entered into her home and searched her purse without any search warrant for her person. In Williams v. State, 34 Okla. Cr. 359, 246 Pac. 895, this court said:

"In a prosecution for unlawful possession of intoxicating liquor, defendant cannot be convicted on evidence obtained by unlawful search of his person, without a warrant for his arrest, and neither the liquor so seized, nor the evidence of the possession thereof so acquired, is admissible against him."

We have no doubt that the search of the defendant, under the circumstances in the record, is unlawful. Some things are to be more deplored than the unlawful sale of whisky. One is the loss of liberty. Common as the event may be, it is a serious thing to arrest a citizen, and it is more serious to search his person, and whoever accomplishes it must do so in conformity with the laws of our state. There are two reasons for this, one to avoid bloodshed, and the other to preserve the liberty of the citizen.

The fact of the possession of the dollar bill was proven by the forcible and unlawful search of the defendant's purse to secure a veritable key of the offense. It is fundamental that the defendant may not be searched by the officers, without process, in order to secure testimony against her. It takes no flight of imagination to picture what would happen if other officers clothed with some temporary authority might without restriction or hindrance at their will hold up a citizen on the highway and search him, or enter his home and search his person in an effort to procure evidence against him. It results from what we have said that the action of the deputy

sheriff and his party was wholly without warrant of law, and the evidence thus found was wholly incompetent against defendant.

We conclude, therefore, that in admitting the evidence of the search of defendant's purse by the officers without any process and searching the purse of the defendant, who was not under arrest, the court erred. This conclusion renders it unnecessary to consider any of the other questions in the case.

The judgment is reversed.

EDWARDS, P. J., and DOYLE, J., concur.