## G. M. COBURN v. STATE.

No. A-9067. Aug. 7, 1936.
(60 Pac. [2d] 399.)

334

John W. Whipple, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error was convicted of maintaining a place where intoxicating liquor was sold, and sentenced to pay a fine of $50 and imprisonment in the county jail for 60 days. Motion for a new trial was filed, considered, and overruled, and plaintiff in error appeals. The plaintiff in error will hereinafter in this opinion be referred to as the defendant.

Before this case was called for trial, the defendant filed his motion to suppress the evidence secured by the state on the ground that it was secured by an unlawful search and seizure. In the hearing on the motion to suppress, the officers admitted they had no warrant for the arrest of the defendant or his wife, or to search his home or the curtilage of his home, or to search his garage or cellar.

The testimony on the motion to suppress shows that on the night the alleged search was made the defendant and his wife had retired, and that car lights were flashed in the window of their home, and the wife called the defendant and told him a car light was in their yard. The officers said they were driving by the defendant's home and there was a car stopped in front of the house

and a cab in the driveway up near the defendant's house. They stopped and got out and entered upon the curtilage of the defendant's home for the purpose of investigating, and searched without a warrant for the arrest of the defendant or to search his home or the curtilage. The officers went to the door of the defendant's home, and the defendant came to the door and the officers wanted to know what was going on there, and the defendant replied that he had gotten up to see what the trouble was.

The officer, in order to try to justify his conduct and the search illegally started when he became a trespasser by entering upon the premises of the defendant without authority of law, undertakes to say the defendant said he could come in and search. The defendant says the officer told him he would have to search his place and he replied that, "If you have to do so, go ahead and search," or words to that effect.

The officers found about a pint and a half of whisky in the home of the defendant. They claim to have found a pint of whisky in a barrel in the garage or somewhere around it, and, all told, they found two and one-half pints of whisky in the defendant's home, in his garage and near it. Some testimony was admitted showing they took a pint off of some fellow in a car on the defendant's premises, in the driveway, and they found a pint in the yard. There was no evidence introduced by the state showing any crime was committed in the presence of the officers or any disturbance that would justify them in trespassing upon the premises of the defendant.

After a hearing upon the motion to suppress the evidence, the court overruled the same, and the defendant duly excepted, was placed on trial, tried, and convicted. In the trial of the case the testimony was in substance

the same as in the motion to suppress. The defendant objected to the introduction of the testimony in the trial, on the ground that it was unlawfully secured, which objection was by the court overruled and exceptions saved.

Eleven errors have been assigned by the defendant as grounds for reversal. The first and only assignment that it is deemed necessary to consider in this case is:

"That the court erred herein not sustaining the plaintiff in error's motion to suppress the evidence."

The admitted facts show that the officers became trespassers when they entered upon the premises of the defendant in the nighttime without a warrant for the arrest of the defendant, or to search his home, the curtilage, cellar, and garage.

The home of an individual is his castle, and he who enters the same must do so as provided by law (St. 1931, § 3221 et seq.), otherwise he becomes a law violator and trespasser and not entitled to the protection of the law as an official. Officers of the law have no right, even though they may suspect that the party is violating the law, to trespass upon the home and curtilage of the home unless armed with the proper legal authority to do so.

This question has been before this court many times, and it would seem that men competent to be elected or appointed to an office would learn that, even though they may suspect a party has committed a crime, they cannot search his home, curtilage, garage, or cellar, without a search warrant, or until after he be placed under arrest.

In Strong v. State, 42 Okla. Cr. 114, 274 Pac. 890, this court in the first paragraph of the syllabus stated:

"The search of a car without warrant of arrest or search warrant or knowledge by the officer that it con-

tained whisky held illegal, and evidence obtained should be excluded upon timely objection."

In Whitford v. State, 35 Okla. Cr. 22, 247 Pac. 424, 425, in the fifth paragraph of the syllabus, this court said:

"No search of the person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws in having intoxicating liquor in his possession, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

In this case the defendant may be guilty, but he is entitled to a fair and impartial trial according to law. Mosier v. State, 59 Okla. Cr. 106, 56 Pac. (2d) 908.

The defendant in this case is not charged with the possession of intoxicating liquor, nor is he charged with selling intoxicating liquor, but is charged under the statute with what is commonly known as maintaining a nuisance.

There is no evidence of sale, and the quantity of whisky claimed to have been found in his home is not sufficient to show a violation of the law, nor is the evidence of the finding of the small quantity of whisky at the defendant's home sufficient to sustain a conviction of maintaining a public nuisance, in the absence of any evidence showing that on more than this occasion people were seen at defendant's home or seen coming to and returning from defendant's home at all hours of the day or night, or that people congregated at defendant's home for the purpose of buying and drinking intoxicating liquors.

The testimony in this case is insufficient to sustain a conviction of maintaining a public nuisance. The motion of the defendant to suppress the evidence of the state, on the ground that it was secured by an illegal search and

seizure, should have been sustained, as it is clearly shown by all the evidence that the search and seizure was, unlawful.

There is no competent testimony to sustain a conviction. For the reasons herein stated, the case is reversed and remanded, with directions to discharge the defendant.

EDWARDS, P. J., and DOYLE, J., concur.