## A. W. LAWSON v. STATE.

No. A-10737.   July 2, 1947.

(182 P. 2d 786.)

Sam Y. Colby, of Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  The defendant, A. W. Lawson, was charged by information filed in the county court of Marshall

county with the unlawful possession of whisky, was tried, convicted and sentenced to serve 30 days in the county jail, and pay a fine of $50 and costs and has appealed.

It is first argued that the court erred in overruling the motion to suppress evidence filed by counsel for defendant. At the hearing on the motion to suppress evidence, the only witness offered by either the state or defendant was the arresting officer, Luther Henson. This witness testified that he was the county jailer. That on September 6, 1945, he had occasion to be out near the home of the defendant. That he did not have a search warrant for the defendant or for his premises and did not have a warrant for his arrest. That he saw a truck drive up to defendant's place and deliver a pasteboard box which the defendant took in his arms and started walking with it. The testimony of the officer on this point is as follows:

"Q. Mr. Henson, was there a case of whisky delivered out near the defendant's home that day? A. He had it in his arms when I saw it. Q. How far were you from him at the time? A. About as close as Judge Sneed is to me and I said, 'Don't you drop that.' Q. How far were you from him when you first saw the box? A. About as far as the back of the courtroom. Q. Twenty or thirty feet from him when you first saw the box? A. Twenty or thirty steps. Q. When you first saw the box? A. Yes, sir. Q. Was the lid on the box? A. Yes, sir, and it was torn open at the top, the lid was in the box. Q. The top was torn on it? A. Yes, I guess it was. Q. Torn on the pasteboard box? A. Yes, sir, and I could see the bottles of course. Q. You saw the bottles twenty or 30 steps away? A. I saw him when I came up behind him. Q. You did not see the bottles until you searched him? A. Not until I went up on him, nearer to him. Q. When you first observed the pasteboard box you actually did not know what was in the box? A. No, I did not know exactly but I had a pretty good idea. Q. Did you know what

was in the box? A. I knew what it was but I could not swear to it. Q. You did not see any whisky until you ran up and caught him? A. I did not see the bottles until I was close to him. Q. At the time you caught him you had your gun out? A. That is right. Q. You told him he was under arrest? A. That is right."

## Cross-Examination

"Q. Did you notice whether or not this box was branded or had any marks on it, in other words did it have the name 'Whisky' on it? A. Yes, sir, I think it did."

## Redirect Examination

"Q. At the time you first saw the pasteboard box you could not read the name on the pasteboard box? A. That is right, I did not try."

In the case of Mosier v. State, 59 Okla. Cr. 106, 56 P. 2d 908, this court held:

"An officer has no more right to search a person on mere suspicion of the commission of a misdemeanor without a search warrant than he has to search his home."

"No search of a person or seizure of any article found thereon can be made on mere suspicion that the person is violating the prohibitory liquor laws by selling intoxicating liquor, or without a search warrant, unless and until the alleged offender is in custody under a warrant of arrest, or shall be lawfully arrested without a warrant as authorized by law."

"Where an officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize the search and the arrest of the defendant without a warrant."

To the same effect, see the cases of Crossman v. State, 28 Okla. Cr. 198, 230 P. 291; Keith v. State, 30 Okla. Cr.

168, 235 P. 631; Levy v. State, 31 Okla. Cr. 199, 238 P. 235.

In Levy v. State, supra, this court said that in a prosecution for unlawful transportation of intoxicating liquor, the defendant cannot be convicted upon evidence obtained by an unlawful search of his person, and neither the liquor so seized, nor the possession thereof so acquired, is admissible against him.

It is our conclusion that the arrest and search of defendant was upon mere suspicion of the commission of a misdemeanor, and was an unlawful search and seizure as defined by the above authorities, and the evidence so obtained was inadmissible upon the trial of the defendant.

The defendant presents numerous other assignments of error, but it is unnecessary to consider them in view of our decision that the motion to suppress the evidence should have been sustained. The judgment and sentence of the county court of Marshall county is reversed.

BAREFOOT, P. J., and BRETT, J., concur.