## WALKER v. STATE.
### No. A–11949.

Criminal Court of Appeals of Oklahoma.
May 12, 1954.

Ed Shipp, Idabel, for plaintiff in error.

Mac. Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Henry Walker, defendant below, was charged in the county court of McCurtain county, Oklahoma, by information with having committed the offense on February 28, 1953 of selling intoxicating liquor (moon-shine or wildcat non-tax paid whiskey). He was tried by a jury, found guilty, his punishment fixed at a $50 fine and 30 days in the county jail, and judgment and sentence was entered accordingly, from which this appeal has been perfected.

When the case came on for trial the defendant filed a motion to suppress the evidence to be introduced by the state for the reason that said evidence was obtained by an unlawful search of the defendant's home in violation of the constitutional provisions of Art. II, § 30, Bill of Rights of the Constitution of Oklahoma. It was admitted by the county attorney that the officers had no search warrant at the time the search was made, and the state offered evidence in support of the validity of the search. The defendant offered no evidence in support of his motion but relied on that offered by the state. This evidence was insufficient and as to what the officers observed is substantially the same as testified to on the merits of the case. The trial judge reserved his ruling on the motion, and the case proceeded to trial.

The defendant urged the state's evidence in support of the conviction was insufficient. The evidence in support of the merits of the case was substantially as follows, to wit: Sheriff Walter Irons of McCurtain County, in company with his deputies T. V. Wake and C. W. Whitten, went to the defendant's home during the night time for the purpose and express intention of seeking to catch the defendant violating the prohibitory liquor laws. They did not procure a search warrant upon which to predicate their actions. Wake and Whitten testified that that was their purpose in going to the defendant's premises. Officer T. V. Wake testified on the motion to suppress that they were on his premises, and were within 4 or 5 steps of the porch and looked through a window where they observed one J. A. Towery

deliver something to the defendant and the defendant handed Towery something that looked like a half pint bottle. At that time he did not know what it was and he could not see what Towery handed the defendant. At the time he saw defendant hand the bottle to Towery he did not know if it was whiskey. He could not see any label on it. He merely presumed what the defendant handed to Towery was whiskey. He did not know whether Towery had any whiskey with him when he went into the house. He could not tell by his own senses that it was whiskey, that is, the sense of sight, or smell or taste usually relied upon for the determination of such fact. The testimony of C. W. Whitten, deputy sheriff of McCurtain county, was substantially the same as that of Officer T. V. Wake. On the merits of the case, the officers Wake and Whitten changed this testimony and said they were outside the defendant's fence on land of the Choctaw Lumber Company. Thereupon the trial judge overruled the motion to suppress, on the grounds that they were not on his premises when they observed the transaction. Sheriff Walter Irons testified that he was in company with the officers when they went out to the defendant's place that night but he stayed in his automobile and did not see the transaction.

J. A. Towery, the alleged purchaser, was called as a witness in behalf of the state, and testified positively he did not buy any whiskey from Henry Walker. He testified he bought the whiskey at a dance, and he swore positively he went to Walker's to borrow some money, and that Henry Walker let him have the money.

The court is of the opinion that the evidence of the two deputy sheriffs fails to prove the sale of intoxicating liquor. Neither officer knew what was within the bottle which was handed to Towery, and neither of them could testify as to any consideration being paid or promised by Towery to the defendant. In face of the state's witness Towery's denial, proof of a sale failed. To sustain a charge of selling intoxicating liquors there must be proven a consideration paid or promised by or in behalf of the purchaser to or in

behalf of the seller and delivery of the thing sold. Stevens v. State, 31 Okl.Cr. 376, 239 P. 273. This evidence creates a strong suspicion but is insufficient to establish the foregoing necessary elements of the offense of selling intoxicating liquor.

 Assuming that the evidence on the merits had been sufficient to sustain the conviction, the evidence on the motion to suppress did not sustain the search and seizure, and it was error to overrule the motion to suppress. The only basis upon which the court might have overruled the motion to suppress was that the officers observed the offense committed in their presence, and that thus they had the right under the law to arrest the defendant and search his premises. But such is not the case from the facts as hereinbefore set forth, for the evidence clearly discloses that the defendant's arrest was predicated solely upon suspicion and was therefore insufficient upon which to base the search that followed. This court has repeatedly held that the right to search and seize was in derogation of the right to be free from search and seizure, in one's person, home and property and must be strictly construed to afford intended protection against abuse. Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143. It has also been repeatedly held where premises are entered without a search warrant to make a valid search thereon, officers would have to have been invited to enter by the tenant or some one in charge, or being legally thereon would have to have seen or become aware by use of either of the five senses of a violation of law on such premises. Moulton v. State, 93 Okl.Cr. 324, 227 P.2d 695; Tucker v. State, 62 Okl.Cr. 406, 71 P.2d 1092; Edwards v. State, supra; Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433; Flowers v. State, 88 Okl.Cr. 252, 202 P.2d 233. In Lawson v. State, 84 Okl.Cr. 396, 182 P.2d 786, 787, this court said:

" 'Where an officer could not observe and become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize the search and the arrest of the defendant without a warrant.' "

The evidence offered by the state on the motion to suppress shows the search was predicated on suspicion of a law violation. This court has repeatedly held that evidence obtained upon such a search should be suppressed. Coburn v. State, 59 Okl.Cr. 333, 60 P.2d 399. On the merits the officers' suspicions were unsupported by the one witness called to establish the case. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly reversed with directions to dismiss.

POWELL, P. J., and JONES, J., concur.