**Buddy SIMMONS, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12060.**

Criminal Court of Appeals of Oklahoma.

Nov. 24, 1954.

King & Wadlington, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Buddy Simmons, was charged by an information filed in the County Court of Pontotoc County with the illegal possession of intoxicating liquors; was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $100.

Several assignments of error are presented on appeal, but in our view of the case, it only becomes necessary to discuss one of them. Prior to the commencement of the trial, a hearing was held on a motion to suppress evidence and at the conclusion of the hearing, the motion was overruled. The action of the court is assigned as error.

The evidence disclosed that on March 5, 1953, two deputy sheriffs of Pontotoc County went to a farm occupied by the father of defendant and his sister. That shortly after they arrived at the farmhouse, defendant and another man drove up to the farmhouse in defendant's automobile. They came from the pasture on the farm where defendant testified he had some cat-tle grazing. The officers had no warrant of arrest for the defendant and no search warrant to search either the farm or the automobile of defendant. However, they proceeded to search the defendant's automobile and found 6 pints of whiskey. Because "they thought there was more," the officers followed the car tracks about 250 feet to where they led to a boat which they noticed had been recently moved. They raised up the boat and found 28 pints of whiskey.

In Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433, 434, this court held:

"A search of an automobile without a search warrant and not as an incident of a lawful arrest, and not upon any probable cause of the commission of a felony, but upon a mere suspicion, is in violation of Bill of Rights, Sec. 30, and evidence obtained by such a search is inadmissible. Const. Art. 2, Sec. 30, Okl.St.Ann."

There was no contention that the search of the automobile was valid and no charges were filed based upon the 6 pints of whiskey found in the automobile. The possession charge out of which this conviction arose was in connection with the seizure of the 28 pints of whiskey found under the overturned boat. Defendant contends that the search, being illegal and void in its inception, could not ripen into a valid search irrespective of anything else that might have occurred, and that the search of the automobile was only the beginning of a search which lasted until the discovery of the contraband under the boat. The State contends that the liquors were not found within the curtilage of the dwelling house on the premises; that the premises were owned and possessed by defendant's father and sister and accordingly no warrant was necessary to make a search of the pasture outside of the curtilage of the farmhouse and secondly, the defendant could not complain of the illegality of the search of the pasture.

In so far as defendant's contention is concerned, it is apparently the first time the exact question here presented has been before this court as neither the

State nor defendant have been able to cite any authority from this state upon this proposition. We are convinced that if the officers had gone into the pasture without a warrant of arrest or search warrant and made a search of the woodland area outside of the curtilage of the dwelling house, the search would have been valid under many authorities from this jurisdiction. Taylor v. State, Okl.Cr., 240 P.2d 803; Mitchell v. State, 38 Okl.Cr. 167, 259 P. 661. However, the officers did not do that. They first made an illegal search of defendant's automobile and acting on the basis of the leads thus obtained and because of the suspicion developed from the illegal seizure of whiskey in the automobile, they followed the car tracks back to where defendant apparently kept his whiskey cache. We are convinced that the search was void ab initio and that all of the steps taken by the officers constituted one continuous search.

In Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143, this court held that a search and seizure illegal at its inception cannot become legalized by what it brings to light; its legality must be determined by the situation as disclosed before the search was made, citing 79 C.J.S., Searches and Seizures, § 51, page 809.

Although not in point with the facts in the instant case, the case of Thomas v. State, 25 Okl.Cr. 409, 220 P. 976, discloses the trend of authority in situations similar to that which confronts us. It was there held:

"Where an unauthorized search and seizure is commenced and in progress, the issuance of a search warrant for the purpose of making valid that which at its inception was illegal will afford no protection to the officer making such search and seizure."

See also Dean v. State, 37 Okl.Cr. 396, 258 P. 812; Wallace v. State, 49 Okl.Cr. 281, 294 P. 198.

■■ The federal courts have sustained the rule invoked by the accused and have held that secondary evidence gleaned from documents secured by an illegal search and seizure was inadmissible. Flagg v. U. S.,

2 Cir., 233 F. 481; Silverthorne Lumber Company v. U. S., 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Nardone v. U. S., 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307. In the latter case the United States Supreme Court held that a conviction sustained on evidence secured through leads obtained by reason of an illegal search and seizure cannot be upheld. It is clearly apparent from the testimony of the officers that if they had found no liquor in the search of the defendant's car, they would have made no further search. It was solely because of the finding of liquor in defendant's car that they followed the tracks back to seek other intoxicating liquor. They did not go to the farm for the purpose of making a search for intoxicants, but were there in connection with the investigation of a burglary that had been allegedly committed. When defendant and his companion drove up in the Studebaker automobile, the officers were suspicious and made a search of the car. If the search of the pasture could be disassociated with the search of the automobile, then there would be substance to the argument of counsel for the State. But it is impossible under the evidence to conclude that there were two separate and distinct searches made. It was one continuous search and the finding of the intoxicating liquors forming the basis for this charge was a direct outgrowth of the illegal search of the automobile. Defendant claimed he had the use of the pasture for his cattle and this alleged possessory right was sufficient for him to challenge the right of the officers to make a search of the pasture. We believe the legal principle is sound that holds that a constitutional provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used in the trial of a case, but that it shall not be used at all. With this conclusion established, it appears that the trial court erred in overruling the motion to suppress evidence.

■ In connection with the other assignments of error which are presented in the brief of defendant, in order to prevent a repetition of the error in future cases, we feel that we should add that instruc-

tions numbered six and twelve are erroneous and should not be given in the prosecution of cases involving the alleged illegal possession of intoxicating liquor. Instruction numbered six pertained to the question of prima facie evidence. See Savalier v. State, 85 Okl.Cr. 87, 185 P.2d 476; Wilson v. State, 91 Okl.Cr. 157, 217 P.2d 199. Instruction number twelve was a comment on the failure of the defendant to testify contrary to the statute. 22 O.S. 1951 § 701. In Shelton v. State, 49 Okl.Cr. 430, 295 P. 240, this court held:

"Section 2698, C.O.S.1921, contains two inhibitions. The first is that the failure of the defendant to take the stand on his own behalf shall not be mentioned on the trial; the second is that this fact shall not be commented on by the counsel for the state. The trial judge is not excepted from the first inhibition, and it is error for him to refer to such fact in his instructions or otherwise."

The judgment and sentence of the County Court of Pontotoc County is reversed.

POWELL, P. J., and BRETT, J., concur.