Garland R. BRINLEE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13526.

Court of Criminal Appeals of Oklahoma.

Jan 11, 1965.

Rehearing Denied June 30, 1965.

Thomas Dee Frasier, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

Garland R. Brinlee was charged with the crime of Larceny of Livestock. He was tried by the District Court of Mayes County, Oklahoma, and on the 10th day of March, 1964, was found guilty of said charge. The defendant, Garland R. Brinlee, filed a motion for a new trial, and said motion was overruled, and he was sentenced by the Court to a term of three (3) years in the State Penitentiary; from said judgment and sentence he has perfected his appeal to this Court.

The defendant sets forth seven assignments of error, but it will be necessary for the Court to consider only one of these assignments. This being his first assignment, which was, that the trial Court erred in overruling his motion to suppress the evidence on the grounds of unconstitutional search and seizure.

The state is of the opinion, that the cattle as they were first seen by the police officers, were in pastures and fields, too far from the immediate vicinity of the defendant's home and barns, to be considered as in the curtilage of residence. And further they state, that there could not be a search and seizure of material things, since the cattle themselves were not introduced into evidence.

We are of the opinion that there has been a violation of this defendant's constitutional rights, as set forth in Article 2, Section 30, of the Oklahoma Constitution:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

■ These officers entered upon the property of the defendant Brinlee, and conducted a very thorough search of the entire premises; they then left these premises and returned later with other officers and conducted another search, and then they returned to the town of Pryor and obtained a search warrant supposedly to cover these prior searches. There is ample testimony to this effect, that they entered without invitation, without search warrant, and as trespassers and armed only with their suspicion. This Court has held:

"Officers of the law have no right, even though they may suspicion that the party is violating the law, to trespass upon the home and curtilage of the home unless armed with the proper legal authority to do so."

Coburn v. State, 59 Okl.Cr. 333, 60 P.2d 399.

■ In a very early case this Court set out what would be legal authority. Noble v. State, 44 Okl.Cr. 214, 280 P. 476.

"Before an officer is authorized to search a private residence occupied as such, or the curtilage thereof, he must have: (1) A valid search warrant issued by a magistrate having jurisdiction based upon an affidavit sufficient on its face to show probable cause;

"(2) Or must arrest the occupant of the premises with or without a warrant:

when a felony has in fact been committed, and he has reasonable cause for believing the occupant has committed it;

"(3) Or the occupant must be arrested by the officer for a public offense committed or attempted in the presence of the officer;

"(4) Or the occupant must voluntarily consent to the search."

And further, if a search is illegal in its inception, as it was in this case, then that search and all evidence or testimony regarding that evidence, that is obtained from the unlawful search is inadmissable. Kolander v. State, 33 Okl.Cr. 31, 241 P. 837, Hamel v. State, Okl.Cr., 317 P.2d 285.

■■■ Whether the area searched was in the curtilage of the residence has been questioned. Curtilage means the ground adjacent to a dwelling house and used in connection with it. Testimony shows that after entering onto this property, the first steer looked at by the police officers was standing no more than 100 yards from the house and in a lot adjoining the barn. This Court held in Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803 that, "It is unlawful to search the curtilage of a residence in the absence of a search warrant being first had and obtained, and evidence where obtained in violation of this rule is subject to suppression on timely motion of occupant defendant where such evidence forms the basis for the crime charged." In this same case Judge Powell further stated; "Curtilage includes all outbuildings used in connection with the residence, such as garages, sheds, barns, yards, and lots connected with and in close vicinity of residence, but an open pasture and wooded area beyond the fenced residential property would not constitute part of the curtilage."

■■■ We are of the opinion that these cattle were within the curtilage, and they certainly were material and the basis upon which this charge was brought.

■■■ These four experienced police officers were searching for stolen cattle and

from their testimony, they had reason to believe these cattle to be on the defendant Brinlee's place or property. They should have obtained a search warrant before entering and searching this property. This they did not do; they entered as trespassers, and all evidence obtained was done so unlawfully.

The trial court erred when they failed to sustain the defendant's motion to suppress the evidence.

Reversed, with instructions to dismiss.

NIX, J., concurs.

BUSSEY, J., not participating.

## ON REHEARING

PER CURIAM.

An opinion was issued by this Court on January 11, 1965, reversing this cause, with instructions to the district court of Mayes County, Oklahoma, to dismiss the case so appealed. Thereafter counsel for the State filed a petition for rehearing, and oral argument was granted on said petition.

We have carefully considered the argument presented, and have reviewed the record and briefs filed herein. Nevertheless, we feel that the conclusion reached in that opinion is correct. This conclusion is in line with Simmons v. State, Okl.Cr., 277 P. 2d 196, wherein this Court held in the second paragraph of the syllabus:

"A search and seizure illegal in its inception cannot become legalized by what it brings to light; its legality must be determined by the situation as disclosed before the search was made."

See also Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143.

It is therefore the finding of the Court that the petition for rehearing is not well taken, and that the same should be in all things denied, and the Clerk of this Court directed to issue the mandate forthwith.

The petition for rehearing is denied, and the Court Clerk is directed to issue the mandate without delay.