**Hugh Donald WALLS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–73–65.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1973.

Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant Hugh Donald Walls, hereinafter referred to as defendant, was tried and convicted in the District Court of Pottawatomie County for the crime of Knowingly Concealing Stolen Property, After Former Conviction of a Felony. On September 23, 1968, the trial court entered its judgment and sentence in accordance with the verdict of the jury and fixed punishment at ten (10) years imprisonment in the state penitentiary. Defendant thereafter perfected an appeal [see Walls v. State, Okl. Cr., 491 P.2d 320], wherein this Court modified defendant's sentence from ten (10) to seven (7) years, and as modified defendant's conviction was affirmed. Defendant filed his application for post conviction relief in the District Court of Pottawatomie County on July 11, 1972, which was denied on May 2, 1973, and from said denial defendant has perfected this appeal.

Upon a thorough reconsideration of the facts of this case, this Court is of the opinion that the same must be reversed.

Defendant's second proposition asserts that evidence obtained as the result of a third search falls within the "fruits of the

poisonous tree doctrine"; that the two illegal searches so contaminated the State's case that any evidence obtained in the third search of defendant's home could not be used to prosecute him. Although this Court originally treated this proposition and denied relief thereunder, upon reconsideration of the same, we are of the opinion that the evidence gathered from the third search was tainted from the illegality of the original two searches and was hence inadmissable as "fruit of the poisonous tree." See Wong Sun v. United States, 83 S.Ct. 407, 371 U.S. 471, 9 L.Ed.2d 441 (1963) and Simmons v. State, Okl.Cr., 277 P.2d 196.

For the above and foregoing reasons, this Court is of the opinion that defendant's conviction must be, and the same is hereby, reversed and remanded.